[No. 740.   Decided June 10, 1893.]

FIRST NATIONAL BANK OF ABERDEEN, *Appellant*, v. H. H. CARTER, *Respondent*.

CHATTEL MORTGAGES — POSSESSION OF MORTGAGEE — ATTACHMENT
BY OTHER CREDITORS — PRIORITIES.

Where a chattel mortgage on a stock of goods is given to a *bona fide* creditor, who immediately takes possession, and, placing an agent in charge thereof, proceeds to the county seat to file the mortgage for record, the levy of an attachment, subsequent to the execution of the mortgage, but prior to its filing for record, will not give the attaching creditor any prior rights, although he may have had no notice of the mortgage until the sheriff was notified at the time of making the levy.

*Appeal from Superior Court, Chehalis County.*

*Linn, Bridges & McKinley*, for appellant.

*Doolittle & Fogg, Charles O. Bates*, and *J. C. Cross* (*Jabez Dickey*, of counsel), for respondent.

The opinion of the court was delivered by

SCOTT, J.—Plaintiff brought this action to recover possession of certain personal property of the defendant which had been seized by him as sheriff under writs of attachment issued against the property of one David E. Dunbar.   Said Dunbar had been carrying on a grocery business at Aberdeen, and had become indebted to various parties, among whom were the plaintiffs in the suits wherein said writs of attachment were issued and the plaintiff in this action.   The plaintiff had loaned money to said Dunbar at various times while he was conducting said business, with the understanding that Dunbar would give the bank security therefor whenever called upon to do so.   The plaintiff's rights in this action are based upon a chattel mortgage given by Dunbar to secure said indebtedness.   This mortgage was

executed upon the 21st day of September, 1891, and it was provided therein that the mortgagee should take immediate possession of the property and sell the same, and apply the proceeds in payment of the mortgagor's indebtedness to the plaintiff. The mortgage was executed at 7:45 o'clock Monday morning. One Hays, the plaintiff's cashier, went with Dunbar, immediately, to the store where the property was situated, where, in the presence of the clerks, the property was turned over to Hays, and said Hays placed one Warren, one of the clerks, in charge of the store, temporarily, while Hays proceeded immediately to Montesano, the county seat, to put the mortgage upon record. The mortgage was filed for record at 10:10 in the forenoon of the same day. A levy was made under the writs in question after said chattel mortgage had been executed, and after Hays had so taken possession of the property for the bank, but before the mortgage was filed for record. There was some testimony to show that, when the officer who made the seizure under the writs of attachment entered the store with the writs to make the levy, he was informed that the property was then in the possession of the plaintiff, and that said plaintiff claimed the same under and by virtue of a chattel mortgage given by Dunbar to the plaintiff. A verdict was rendered for the defendant, and the plaintiff appealed.

We are of the opinion that if Hays, the plaintiff's cashier, upon receiving the mortgage, did go to the store, and announce to the clerks and such other persons as were present that he had taken possession thereof for the plaintiff under the mortgage, and put one of the clerks in charge of said property temporarily, while he proceeded with diligence to place the mortgage upon record, and if, when the officer appeared, and announced his intention of taking the goods under the writs of attachment against Dunbar, he was then and there informed that said property was in the

plaintiff's possession, under and by virtue of such chattel mortgage, such acts were sufficient to maintain the plaintiff's rights, at least temporarily, while it was proceeding diligently in the premises; and consequently the court was in error in instructing the jury that the notice to the sheriff was not sufficient, but that there must have been a notice given to the attachment creditors prior to the time the writs of attachment were issued and placed in the hands of the sheriff. *Stewart v. Smith*, 60 Iowa, 275 (14 N. W. Rep. 310; *Tucker v. Tilton*, 55 N. H. 223; *Young v. Walker*, 12 N. H. 502. Under the plaintiff's proof, its claim was a meritorious one, as much so as were the claims of the plaintiffs in the attachment suits, and it had a right to obtain security therefor, and Dunbar had a right to prefer the bank in giving security, the claim being a *bona fide* one, and the parties acting in good faith.

For these reasons the judgment of the superior court must be reversed, and the cause remanded.

DUNBAR, C. J., and STILES, ANDERS and HOYT, JJ., concur.