[No. 1404.  Decided November 7, 1894 ]

FIRST NATIONAL BANK OF ABERDEEN, *Respondent*, v. H. H. CARTER, *Appellant*.

APPEALS—OBJECTIONS TO JURISDICTION—WHEN RAISED—APPEAL-ABLE ORDERS—ORDER AFTER JUDGMENT.

A motion which is addressed to the jurisdiction of the appellate court will be entertained by the court at any time, although not incorporated in the brief of the moving party.

Where a judgment in favor of defendant in an action of replevin has been reversed on appeal and the cause remanded for a new trial, an order of the lower court directing the defendant to repay to plaintiff the sum collected in defendant's favor upon execution of the original judgment is not such a final order as to be appealable under Laws 1893, p. 119.

*Appeal from Superior Court, Chehalis County.*

Motion by respondent to dismiss the appeal for the reason that the supreme court has no jurisdiction of the matter, and for the further reason that there is no statute or law of this state allowing appeals to the supreme court from such orders of the superior court as the one appealed from in this case.

*Doolittle & Fogg* and *J. C. Cross* for appellant.

*Linn & Bridges* and *Wm. O. McKinlay*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—This is an appeal from an order of the superior court commanding the defendant in a replevin action to turn over to the plaintiff a certain sum of money, the said sum having been received by the said defendant from the said plaintiff by virtue of an execution issued out of the court in said cause.

On the 24th day of September, 1891, the plaintiff, respondent here, began a suit in replevin against the defendant, appellant here. Upon the trial of the cause the jury rendered a verdict in favor of the defendant to the effect that the defendant was entitled to the possession of the property

mentioned in the complaint, and also found the value of the
property to be $2500. After a motion for a new trial had
been overruled by the court, the court made and entered a
judgment in the cause for the defendant in accordance with
the verdict of the jury. In such judgment the court re-
quired the plaintiff to turn over to the defendant the identi-
cal property mentioned in the complaint within five days
after the date of said judgment, and in default of such de-
livery within the said five days that the defendant have and
recover of and from the plaintiff the principal sum of
$2497.36, the same being the value of the defendant's in-
terest in said property, together with costs and disburse-
ments of the action. Thereafter, on the 8th day of
August, 1892, the defendant, he being the sheriff of the
said county, procured to be issued out of the court in said
cause a writ of execution directed to the coroner of said
county, whereupon the coroner proceeded to levy upon the
property of the plaintiff in a sufficient amount to make the
amount of the judgment, interest, costs and increased costs,
out of the property of the said plaintiff by delivering into
the hands of the cashier of the plaintiff a copy of the writ of
execution, and making a demand upon the cashier for the
payment of the debt. Upon said demand the cashier deliv-
ered to the coroner, who took into his possession, the money
of the said plaintiff in the sum of $2,973.88, who thereafter
paid the same into the court. The same was afterward paid
by the clerk of the court to the defendant. After the execu-
tion had been issued as aforesaid, and the money levied
upon, but before the said money had been paid by the coro-
ner to the clerk of the court, or by the clerk paid to the
defendant, the plaintiff gave notice of appeal from the judg-
ment to the supreme court, filed his supersedeas bond, and
afterwards, upon the trial of the case in this court, judg-
ment was entered reversing and remanding said cause
(6 Wash. 494, 33 Pac. 824). Upon this reversal the plaintiff
made a motion praying for the reversal of the order from
which this appeal is taken.

Respondent, in a supplementary brief, filed after the time

allowed for the filing of brief had expired, moves this court
to dismiss the appeal herein and refuse to consider the same,
for the reason that this court has no jurisdiction of the mat-
ter, inasmuch as there is no statute or law of this state allow-
ing appeals from such orders as the one appealed from in
this case.   Appellant objects to the court entertaining this
motion for the reason that the motion was not made in re-
spondent's original brief.

This motion going to a jurisdictional question, the court
would entertain it at any time, even upon suggestion or
upon its own motion, if it came to the attention of the court,
whether or not it was incorporated in a brief.   If there can
be an appeal from this order at all it must be by reason of
the provisions of the laws of 1893, for there were certainly
no provisions of the law prior to that time providing for an
appeal from an order of this kind, and, as liberal as the law
of 1893 is in relation to orders from which an appeal can be
taken, we are unable to find any authority for an appeal
from such an order.

Section 1 of the Laws of 1893, p. 119, provides that any
party aggrieved may appeal from the final judgment entered
in any action or proceeding; subdivision 2, from any order
refusing to vacate an order of arrest in a civil action; sub-
division 3, from any order denying or granting a motion for
a temporary injunction; subdivision 4, from an order refus-
ing to discharge an attachment; subdivision 5, from an
order appointing or removing, or refusing to appoint or re-
move, a receiver; subdivision 6, from any order affecting a
substantial right in a civil action or proceeding which de-
termines the action or discontinues the action, or grants a
new trial, or sets aside or refuses to affirm an award of arbi-
trators.

Certainly the right is not given in any of these subdivis-
ions, and if it is found at all it must be in subdivision 7,
which provides that an appeal may be taken from any final
order made after judgment, which affects a substantial right.
But this order is not an order made after judgment.   The
judgment of the court below was reversed, and the cause re-

manded by this court for a new trial, so that at the time this order was granted by the court below the cause was there for trial, as though no judgment had ever been rendered in the cause.   Clearly, under the statute, which provides that an appeal from any final judgment shall also bring up for review any order made in the same action or proceeding, either before or after the judgment, provision is made for the determination of this question of possession upon the final trial of the cause on its merits when it arrives here.   The statute, in section 1 of the act above referred to, especially provides that there shall be no appeal from any other orders or judgments than those mentioned in the succeeding sections, which we have referred to.

There being no provision in the law for permitting an appeal from this kind of an order the motion must be sustained, and the appeal dismissed.

HOYT, SCOTT, ANDERS and STILES, JJ., concur.