[2272. Decided November 28, 1896.]

THE COUNTY OF SNOHOMISH, *Appellant*, v. GEORGE C. RUFF *et al.*, *Respondents*.

NOTICE OF APPEAL — WHO ENTITLED TO SERVICE — APPEALABLE ORDER — COUNTY AUDITOR'S BOND — BREACH — LIABILITY OF SURETIES.

The fact that some of the defendants to an action come in, after the rendition of judgment and notice of appeal, and file an answer in the cause, although the same had been previously served on plaintiff's attorney, does not put them in a position requiring notice of appeal to be served on them.

An order granting a motion to strike certain allegations from the complaint is appealable, when it affects a substantial right and determines the action as to the particular matter in issue.

The sureties upon the bond of a county auditor are liable for his failure to account for moneys received as purchasing agent of the board of county commissioners, under statutes providing that the auditor should be *ex officio* clerk of the board and making it his duty as such clerk to perform all the duties required by law or any rule or order of the board, when he has been required by order of the board to act as purchasing agent for them.

Appeal from Superior Court, Snohomish County.—
Hon. JOHN C. DENNEY, Judge.    Reversed.

*J. W. Heffner* (*J. T. Ronald* and *A. W. Hawks*, of coun-
sel), for appellant:

Where the duties of one office are by law made a
part of the regular duties *ex officio* of another, or where
the duties of one are such as the incumbent of the
first office might naturally and legally be called upon
to perform, the bondsmen are liable.    *Van Valkenbergh
v. Paterson*, 47 N. J. Law, 146; *Hubbard v. Elden*, 43
Ohio St. 380; *Supervisors v. Clark*, 92 N. Y. 391; *State
v. Wright*, 50 Conn. 580; *Town v. Grimmenstein*, 9 Pac.
560; *Stevenson v. Bay City*, 26 Mich. 45.

*Coleman & Hart*, for respondents:

The sureties upon an official bond undertake for
nothing which is not within the letter of their con-
tract.    The obligation is *strictissimi juris*, and nothing
is to be taken by construction against the obligors.
They have consented to be bound to a certain extent
only, and their liability must be found within the
terms of that consent.    *Paw Paw v. Eggleston*, 25 Mich.
36; *State v. Cutting*, 2 Ohio St. 1; *McCluskey v. Crom-
well*, 11 N. Y. 593; *United States v. Boyd*, Book 10 U.
S. Rep. 706 (L. C. P. ed.); *Bell v. Bruen*, Book 11 U. S.
Rep. 95 (L. C. P. ed.); *Sanger v. Baumberger*, 51 Wis.
592; Murfree, Official Bonds, § 182.

The county commissioners are the business agents
of the county, and it is upon them and them alone
that the duty devolves of purchasing for the county
whatever may be needed to run the government
thereof.    Gen. Stat., § 281; *Martin v. Whitman County*,
1 Wash. 255, 534; *State, ex rel. Whitney, v. Friars*, 10
Wash. 352.

As supporting our contention that the allegations of the complaint, against which the motions to strike were directed, do not constitute a cause of action against the sureties, we cite *San Luis Obispo County v. Farnum*, 41 Pac. 445; *Hill v. Kemble*, 9 Cal. 71; *People v. Pennock*, 60 N. Y. 421; *Schloss v. White*, 16 Cal. 66; *United States v. Barnhart*, 17 Fed. 579; *United States v. Boecker*, Book 22 U. S. Rep. 472 (L. C. P. ed.).

The opinion of the court was delivered by

Scott, J.—The respondent Ruff was the auditor of Snohomish county, and the other respondents were sureties on his official bond. The county brought an action on the bond, alleging in substance, as one ground for recovery, that said auditor was *ex-officio* clerk of the board of county commissioners, and was required by an order of the board to act as purchasing agent for the county, and that he had received money for that purpose and had failed to account for $1,818.71.

The respondents moved to strike said allegations from the complaint, which motion was granted by the court, and the county has appealed therefrom. The respondents move to dismiss the appeal upon two grounds, one of which is that the notice of appeal was not served upon all of them.

It is conceded that service of the notice of appeal was made on the attorneys for all of the respondents who had filed answers in the action prior to the giving of such notice, which service was had on the 30th day of March, 1896. The motion to dismiss is based upon the fact that several of the defendants served an answer on the attorney for the county on the 3d day of July, 1895, but the same was not filed until April 6, 1896, after the notice of appeal had been given.

We do not think, under the circumstances, that these defendants were entitled or required to be served with the notice of appeal. They did not contest the action and had not appeared therein previous to the notice, and the mere fact that they came in after the rendition of judgment and notice of appeal to this court and filed an answer in said cause, although the same had been previously served on the attorney for the county, did not place them in a position requiring the plaintiff to serve them with the appeal notice.

It is next contended that it was not an appealable order, but this cannot be sustained, for it affected a substantial right and determined the action as to the particular matter in issue, and was in effect a judgment against the plaintiff thereon. Motion denied.

It is next contended that the aforesaid matters were properly stricken from the complaint on the ground that the sureties were not liable therefor, but this contention cannot be sustained, for the condition of the bond was that the auditor should faithfully perform all of the duties required of him by law, etc., and the law (Gen. Stat., § 179) makes the auditor *ex-officio* clerk of the board of county commissioners. Sec. 181 makes it his duty as such clerk to perform all of the duties required by law or any rule or order of the board, and he was required by the order of the board to act as purchasing agent as aforesaid.

Under the well settled law, the statutes in force at the time relating to the duties of the auditor should be construed as a part of the bond, and it was therefore a condition of the bond that the auditor should faithfully perform all duties required of him by any rule or order of the board of county commissioners.

It may be conceded, as far as this case is concerned, that the commissioners could require of him only

such duties as were fairly connected with his position as auditor, and as clerk of the board, and could not require of him something that was entirely foreign to his office, and hold his bondsmen liable. For these matters were fairly within the scope of his duties, and we are of the opinion that the county is entitled to recover upon his official bond for any delinquencies therein.

Reversed and remanded.

DUNBAR and ANDERS, JJ., concur.

HOYT, C. J., dissents.

GORDON, J. (*dissenting*).— I am unable to concur with the majority in the disposition made of the motion to dismiss the appeal. The service of an answer in a case constitutes an appearance therein and entitles such answering defendant to notice of all subsequent applications. I do not think that the mere failure of a party to file his answer affords any reason for permitting the party upon whom it has been served to disregard it, but it would seem to logically follow from what is held by the majority that the service of an answer gives such answering defendant no standing in the action until the answer is actually filed. This, it seems to me, is contrary to the spirit of the practice act of March 15, 1893, and opposed to the express provisions of § 37 of that act (Laws, 1893, p. 417). That section is as follows:

" Sec. 37. All pleadings in any civil action shall be filed with the clerk of the court, *on or before the day when the case is called for trial,* or the day when any application is made to the court for an order therein, and in case the moving party shall fail or neglect to cause the pleadings to be filed with the clerk of the court as above required, the adverse party may apply

to the court, without notice, for an order on such moving party to file such pleadings forthwith, and for a failure to comply with such order the court may order the cause dismissed unless good cause is shown for granting an extension of time within which to file such pleadings."

This act permits the summons in a cause to be issued by plaintiff's attorneys and the pleadings therein to be withheld from the public record until the contest actually comes before the court, thus enabling many controversies to be settled and adjusted after action is brought without the publicity attending the filing of the pleadings. It is, I think, substantially the New York practice act, and similar acts prevail in Minnesota, North Dakota, South Dakota, and elsewhere. Section 416, Wait's New York Annotated Code, is as follows:

"The summons, and the several pleadings in an action, shall be filed with the clerk within ten days after the service thereof, respectively; or the adverse party, on proof of the omission, shall be entitled, without notice, to an order from a judge that the same be filed within a time to be specified in the order, or be deemed abandoned."

Sec. 5335 of the Compiled Laws of Dakota, 1887, is an exact reproduction of §416, Wait's Code. The statute in Minnesota requires the pleadings to be filed "on or before the second day of the term for which the cause is noticed." Sec. 5220, Gen. Stat., Minnesota, 1894.

Sec. 37, *supra*, provides the remedy for a party who has been served with a pleading which is not thereafter filed. That remedy is to apply to the court for an order requiring the pleading to be filed, and noncompliance with such an order works an abandonment of the pleading.