[No. 2843. Decided March 19, 1898.]

THE STATE OF WASHINGTON, *on the Relation of George*
*H. Dunn, Appellant,* v. A. B. DORSEY, *as Treasurer*
*of Clallam County, Respondent.*

CONSTITUTIONAL LAW — OBLIGATION OF CONTRACTS — PAYMENT OF WAR-
RANTS ILLEGALLY ISSUED.

The statute (Laws 1897, p. 411, § 135; Bal. Code, § 2435), pro-
viding that illegal school warrants which had been validated by
a vote of the school district should be paid, in case they had not
been taken up by the issuance of funding bonds, only by a spe-
cial tax levied for the purpose from year to year, and that the
current revenues arising from the general school tax and fines
should be applied exclusively to current expenses, is in no sense
void as impairing the obligation of contracts.

Appeal from Superior Court, Clallam County.—Hon.
JAMES G. McCLINTON, Judge. Reversed.

*James Stewart,* for appellant.
*George C. Hatch,* for respondent.

The opinion of the court was delivered by

SCOTT, C. J.—This is a proceeding in mandamus to com-
pel payment of a warrant held by the relator issued by
school district No. 7 of said county. Payment was resist-
ed on the ground that there were prior warrants first enti-
tled to be paid more than sufficient to exhaust the funds.
It appears that these prior warrants were originally inval-
id, as issued in excess of the limit without an authoriza-
tion of the voters of the district, no election having been
held for such purpose. But prior to the issuance of the
warrant here in question they were validated under the
provisions of the act, Laws 1897, p. 356, §§ 128 to 135 in-
clusive (Bal. Code, §§ 2398-2405). The directors under-

took to issue bonds under §§ 132 and 134, but were unable to sell them and only succeeded in exchanging them for warrants to the extent of $1,000, whereby a large amount of said warrants are still outstanding.  These matters are all conceded, and the contention is on the part of the respondent that the holders of such warrants are not compelled to surrender them for the bonds as provided in § 134, but that their validation relates back to the time of their issuance, and that they are entitled to payment from moneys otherwise generally accruing to the district before any  part of it can be applied in payment of current expenses as provided in § 135, and that this section is to that extent unconstitutional, and this is the sole question presented.  The lower court sustained the respondent and this appeal was taken.  It is contended that the provisions of § 135 relating to their payment impairs the obligation of the contracts.  But we cannot adopt that view.  It is conceded that these prior warrants, issued in excess of one and one-half per cent. of the taxable property of the district without being authorized by a vote, were invalid and created no liability against the district, and we adopt that concession for the purposes of this case.  The election validating them was held under the act aforesaid, and that act provided and limited the remedy.  If the bonds were not sold nor the warrants exchanged for them that section provides for a special tax levy from year to year to pay them, and no sufficient reason has been presented to us for holding it invalid.  The case of *Williams v. Shoudy*, 12 Wash. 362 (41 Pac. 169), related to a different act, and the principle there decided is not decisive of this case.  The district here could have refused to validate the warrants at all and it is fair to assume would have done so, if by validating them it would have been deprived of using any of its general moneys for current expenses for a long time.  The

obligation of no contract has been impaired in any sense in confining their payment to the way specified in the act, and if the act does not govern in such particulars it should be held that there has been no validation at all. But we are of the opinion that the act is a valid one.

Reversed and remanded, with instructions to issue the peremptory writ.

ANDERS and REAVIS, JJ., concur.