[No. 2835. Decided April 1, 1898.]

THE OLD NATIONAL BANK, *Respondent*, v. O. K. GOLD
MINING COMPANY, *Appellant*.

#### APPEAL — NOTICE — PARTIES — APPEALABLE ORDER.

The failure to serve intervenors who have appeared in a cause with notice of appeal is ground for dismissal of the appeal, even though the intervenors have been permitted to dismiss their complaint in intervention after the appeal was taken.

An order sustaining demurrers to several affirmative defenses while other affirmative defenses and a general denial are left unaffected by the ruling, is not an appealable order, since such ruling does not in effect determine the action, and such questions can be reviewed on appeal from final judgment in the cause.

Appeal from Superior Court, Spokane County.—Hon. WM. E. RICHARDSON, Judge. Appeal dismissed.

*Farwell & McDonald*, and *H. M. Stephens*, for appellant.

*Jay H. Adams*, for respondent.

The opinion of the court was delivered by

REAVIS, J.—Two appeals were taken in this case. Respondent commenced an action to recover judgment on its several promissory notes, alleged to have been executed by appellant. On the fourth of August, 1897, George J. and H. M. Goodhue filed their petition for leave to intervene, and on the same day an order of court was entered allowing the intervention. To the complaint stating the three several causes of action on the promissory notes, appellant, for answer, first denied every allegation of the complaint except the incorporation of respondent and appellant corporations. Appellant then set up a number of separate defenses, and also a counter-claim claiming damages and a judgment against respondent. To each defense and

counter-claim plaintiff interposed a demurrer. The de-murrer was overruled as to four defenses and sustained as to two, and sustained against the counter-claim and the counter-claim dismissed. The court also sustained a motion of respondent requiring appellant to elect between de-fenses, or upon which defense it would proceed to trial, for the reason that the court deemed defense number one in-consistent with the others. The order sustaining the de-murrer to the two defenses and the counter-claim was filed on the 28th of October, 1897, and the defendant there-upon gave notice in open court of appeal. A reply was filed and the case put at issue. On November 23, the court on its own motion entered an order dismissing the counter-claim. On November 26 the court made an order sustain-ing the motion of the plaintiff requiring defendant to elect on which of the inconsistent defenses it would go to trial. On November 27 appellant filed a second notice of appeal, accompanied by a bond, from the several orders heretofore mentioned. Respondent has filed a motion to dismiss the appeal on the grounds that it affirmatively appears from the record that this court is without jurisdiction of the ap-peals, that the record is silent as to any notice of appeal being given to the intervening defendants Goodhue, and that no bond was filed in pursuance of the notice of appeal given in open court on the 28th day of October from the order of the court sustaining the demurrer to the counter-claim and the two defenses, and therefore that the appeal was ineffectual after fifteen days, and because none of the orders appealed from are the subjects of appeal within the purview of the statute.

From the supplemental record brought here by appel-lant it appears that a bond on appeal was duly executed and filed within five days after the notice of appeal given in court on the 28th of October, 1897. It also appears that the intervenors Goodhue were dismissed from the action

at their own request on the 27th day of December, 1897. But this dismissal of the intervenors after the appeal was taken would not cure the failure to serve them with notice while they were still parties who had appeared in the cause. Then the second notice of appeal was defective in its service in not serving all who had appeared in the cause, and for that reason the appeal founded thereon must be dismissed. But the first notice in open court was duly perfected and the record brought here brings up the appeal from the order of the court sustaining the demurrer to the two defenses and to the counter-claim, and presents the question whether such orders are the subject of an appeal. The statute (Laws 1893, p. 119, § 1, subd. 6, Bal. Code, § 6500) is as follows, which provides that an appeal may be taken:

" From any order affecting a substantial right in a civil action or proceeding, which either, (1) in effect determines the action or proceeding and prevents a final judgment therein; or (2) discontinues the action;"

The language of the statute seems to be clear. The order must in effect determine the action and prevent a final judgment or discontinue the action. It is maintained, however, by appellant that the orders are appealable under the announcement made by the court in *Snohomish County v. Ruff*, 15 Wash. 637 (47 Pac. 35, 441). That was an action on the official bond of the county auditor, and one among several allegations made was that the auditor was *ex officio* clerk of the board of county commissioners, and in such capacity had received money and failed to account for $1,818.71. The suit was against the auditor and his sureties on his official bond. The motion to strike this allegation from the complaint was granted by the superior court and the county appealed therefrom. All that this court said was:

" It is next contended that it was not an appealable order, but this cannot be sustained, for it affected a substantial right and determined the action as to the particular matter in issue, and was in effect a judgment against the plaintiff thereon."

This court in *McElwain v. Huston*, 1 Wash. 359 (25 Pac. 465), held that

" An order of the superior court striking out a portion of the defendant's answer is not an appealable order;"

and in *Olsen v. Newton*, 3 Wash. 429 (30 Pac. 450), it was held that an order sustaining a demurrer to plaintiff's complaint, when no final judgment was entered, was not appealable. In the case at bar a demurrer to two defenses and the counterclaim contained in the answer was sustained. The statute of appeals declares that not only must a substantial right be affected, but it must in effect determine the action or proceeding and prevent a final judgment. Certainly in this case the whole cause of action stated in the complaint was left unaffected and the general denial of defendant, together with several affirmative defenses, was left unaffected after the ruling upon the demurrers. The action therefore was not in effect determined. It was ready for trial, and the orders of the superior court sustaining the demurrers were all such orders, when properly excepted to, as could be reviewed here on appeal from final judgment entered in the cause. Certainly, if the defendant sustained its general denial to the complaint, judgment would be entered in its favor with which it might be satisfied. We do not believe our statute contemplates such appeals by piecemeal from a cause still pending in the superior court. In the case of *Snohomish County v. Ruff, supra,* two of the judges dissented, one not stating the grounds of his dissent and the other refusing to concur in the disposition made of the motion to dismiss the appeal. The discussion by the

court of whether the order was appealable is confined to five lines in the opinion and evidently the court's attention was principally directed to the merits of the cause in the argument of counsel, and in the opinion rendered. We conclude that the motion to dismiss the appeal on the ground that the orders appealed from are not within the provisions of the statute must prevail.

Dismissed.

ANDERS, J., concurs.

DUNBAR, J.—I concur in the result and in all that is said in the opinion, but, upon further consideration of the questions involved in the case of *Snohomish County v. Ruff*, I think that case should be directly overruled.

GORDON, J.—For the reasons given in the opinion and, further, upon authority of *Freeman v. Ambrose*, 12 Wash. 1 (40 Pac. 381), I concur in dismissing the appeal.