[No. 5975. Decided March 19, 1906.]

*In the Matter of the Guardianship of* MARGARET P. CROSBY
*et al., Minors.*[1]

JOSIAH L. PETTINGILL, *Guardian, Appellant,* v. A. H.
ANDERSON *et al., Respondents.*

APPEAL—FINAL ORDERS—VACATION OF LEAVE TO SUE EXECUTORS.
The vacation of an order granting leave to sue executors of an estate
upon a rejected claim in effect determines the right to maintain the
action, and is appealable as a final order.

GUARDIAN AND WARD—ACTIONS—BY FOREIGN GUARDIAN—COURTS—
JURISDICTION—LEAVE TO SUE. The superior court has jurisdiction, on
the principles of comity, to grant leave to a foreign guardian of
nonresident wards to maintain an action in this state against the
executors of an estate, there being no statute prohibiting the same.

SAME—PROPERTY—STATUTES—CONSTRUCTION. Bal Code, § 6419,
providing for the removal to another state of the "property" of non-
resident wards, where the guardian is also a nonresident, applies to
choses in action, in view of the provision authorizing the guardian
to sue therefor.

Appeal from an order of the superior court for King
county, Frater, J., entered September 22, 1905, vacating an
order granting a foreign guardian leave to sue executors of
the estate of a deceased person. Reversed.

*William B. Allison* and *Wiley, Herr & Bayley,* for appel-
lant.

*Chas. F. Munday,* for respondents.

MOUNT, C. J.—On July 31, 1905, the appellant J. L.
Pettingill filed a petition in the superior court of King
county, praying that he be appointed guardian of the estate
of Margaret P. Crosby and William A. Crosby, minors, and
for permission to institute an action as foreign guardian of
said minors in the courts of King county, against the estate
of Benjamin B. Healy, deceased, to recover an account al-

1Reported in 85 Pac. 1.

leged to be due from said estate to said minors. The petition alleged, in substance, that the minors were residents of the state of Wisconsin; that the petitioner was also a resident of that state, and had theretofore been regularly appointed and qualified, according to the law of that state, as guardian of the persons and estate of said minors. A duly certified copy of the records of the probate court of LaCrosse county, Wisconsin, was attached to the petition.

The petition further alleged, that Benjamin B. Healy, deceased, was during his lifetime, indebted to the said minors in a large amount; that, at the time of his death, said Benjamin B. Healy was a resident of King county, in this state, and left a large estate therein; that Alfred H. Anderson and Lucy M. Healy were named, and are acting as, executors of the said estate of Benjamin B. Healy, deceased; that the petitioner duly presented a verified claim against said estate for the amount of the debt owing to his wards, and that the executors rejected said claim; that by reason thereof it is necessary for petitioner to bring an action in this state for the purpose of collecting the amount of said claim, and to remove the proceeds thereof to the state of Wisconsin for the benefit of said minors.

Upon filing this petition, the court made an order fixing a time for the hearing of the petition, and thirty days' notice thereof was served upon the executors of the estate of Benjamin B. Healy, deceased, and upon their attorney. At the time fixed for the hearing, no one appeared to resist the application, and the court thereupon made an order authorizing the petitioner to remove any property of his wards found in the state, and granted authority and leave to the petitioner to sue the estate of Benjamin B. Healy, deceased, on the claim set out in the petition, and to receive and remove the proceeds thereof from this state for the benefit of said wards. Thereafter, on September 7, 1905, the said J. L. Pettingill, as guardian, brought an action against the executors of the estate of Benjamin B. Healy, deceased, to

recover upon the claim which had been presented to and rejected by the executor, and which was stated in the petition. On September 12, 1905, the executors of the estate of Benjamin B. Healy, deceased, served and filed a motion and petition to vacate the order granting Mr. Pettingill a right to sue in this state. The petition and motion were based upon several grounds. The court, upon the hearing, sustained the petition and motion, and vacated and set aside the order. This appeal is from the last named order.

Respondents have interposed several motions to strike the statement of facts and dismiss the appeal. There is no merit in any of the motions. The order appealed from, in effect, determines the action brought by the appellant against the executors of the estate, because if the order permitting him to sue is vacated, he has no right to further maintain the action. The order is therefore appealable.

The only ground upon which the court would have vacated the order granting the foreign guardian leave to sue in this state was that the court had no jurisdiction to make the order. This is apparently the main contention of respondents. Certainly none of the others are well founded. We think the court had jurisdiction, upon the principle of comity, to make the order allowing the foreign guardian to maintain the action, because we have no statute prohibiting the same. Wharton on Conflict of Laws, Vol. 1 (3d ed.), at § 265a, p. 592, says:

"Many of the state legislatures have, upon principles of comity, relaxed the rule, as stated by Judge Story, requiring an ancillary appointment; and have recognized the authority of foreign guardians who make due proof of their foreign appointment and authorization, and comply with such other conditions as may be imposed. Thus, by local statutes in many states, foreign guardians of nonresident wards are authorized to receive and remove from the state, personal property of their wards in the hands of local guardians or others; and to this end they have been authorized to maintain suits within the state. Even in the absence of such a statute, it

seems to be competent for a court possessing chancery powers
to order funds belonging to the ward in the hands of a resi-
dent guardian to be transmitted to, or paid over to, the
domiciliary guardian. It is discretionary, however, with the
local courts, even under such statutes, to refuse permission
to the foreign guardian to remove the property from the state
if it is for the best interests of the ward that the property
should be administered within the state."

Upon the principle of comity the legislature of this state
enacted § 6419, Bal. Code, which provides as follows:

"When the guardian and ward are both nonresidents, and
the ward is entitled to property in this state, which may be
removed to another state or territory, without conflict to any
restriction or limitation thereupon, or impairing the right of
the ward thereto, such property may be removed to the state
or territory in which such ward may reside, upon the appli-
cation of the guardian to the judge of the superior court of
the county in which the estate of the ward, or the principal
part thereof, may be, in the manner following: The guard-
ian so applying must produce a transcript from the records
of a court of competent jurisdiction, certified according to
the laws of this state, showing his appointment as guardian
of the ward in the state or territory in which he and the said
ward reside; that he has qualified as such according to the
laws thereof, and given bond, with sureties, for the perform-
ance of his trust; and must also give thirty days' notice to the
resident executor, administrator, guardian, agent, or trustee,
if there be such, of the applications. Thereupon, if no ob-
jection be made, or if no good cause be shown to the contrary,
the judge of the court shall make an order granting such
guardian leave to remove the property of said ward to the
state or territory in which he or she may reside; which order
shall be full and complete authority to said guardian to sue
for and receive the same in his own name, for the use and
benefit of said ward."

It is argued by respondents that this section does not apply
to this case, because there is no tangible property involved
here; that at most the property sought in this case is a dis-
puted, unliquidated demand, a mere chose in action. The

statute, however, uses the word "property" in its comprehensive sense, and evidently includes choses in action, because the last part of the section recites that the "order shall be full and complete authority to said guardian to sue for and receive the same in his own name for the use and benefit of said ward." This provision seems to make it clear that choses in action are included within the meaning of the word "property," as well as tangible property. It follows, therefore, that, under the statute, the court had jurisdiction to make the order. We see no good reason why it should be vacated. In fact, we are convinced that the court properly made the order permitting the foreign guardian to maintain the action in this state. If the estate of Benjamin B. Healy is indebted to the estate of the nonresident wards, there ought to be a recovery.

The judgment of the trial court vacating the order is therefore reversed.

DUNBAR, HADLEY, FULLERTON, and CROW, JJ., concur.