[No. 11837.  Department Two.  April 1, 1914.]

E. J. VIRTUE, *Respondent*, v. FRANK M. STANLEY *et al.,
    Appellants*, RICHARD G. JONES, *Defendant*.[1]

APPEAL—DECISIONS APPEALABLE—INTERLOCUTORY ORDERS.  An appeal does not lies from an order requiring the defendant to elect between inconsistent defenses, since the same is interlocutory and does not determine the action or prevent final judgment.

Appeal from an order of the superior court for King county, Albertson, J., entered October 28, 1913, requiring the defendants to make an election between their defenses. Appeal dismissed.

*James R. Chambers*, for appellants.

*Turner & Hartge*, for respondent.

MOUNT, J.—The respondent moves to dismiss the appeal in this case for the reason that the order appealed from is not an appealable order.  The action was begun by the respondent to foreclose a mortgage upon real estate.  The defendants, in answering the complaint, interposed affirmative defenses to the effect, first, want of consideration for the note and mortgage; second, fraud in the procurement of the note and mortgage; third, a counterclaim based upon covenants of title in the deed, of which the mortgage represented a part of the purchase price; and fourth, a cross-complaint in the nature of a settlement.

The plaintiff thereupon filed a motion to strike certain parts of the answer, and to require the defendants to elect between the matters set up in the first, second, and third affirmative answers and the last affirmative answer, upon the ground that the last affirmative answer and cross-complaint was inconsistent with the other defenses.  The trial court denied the motion, except that the defendants were required

[1] Reported in 139 Pac. 764.

to elect as between the affirmative defense of settlement and the other defenses named, and entered an order to that effect. This appeal is prosecuted from that order.

We are satisfied the motion to dismiss must be granted, under the rule stated in *Methow Canal Co. v. Barton*, 71 Wash. 401, 128 Pac. 627, and *Vaktaren Pub. Co. v. Pacific Tribune Pub. Co.*, 41 Wash. 355, 83 Pac. 426. It is apparent that the order entered by the trial court is not a final order, but is merely an interlocutory order, for it does not determine or discontinue the action nor prevent a final judgment therein. As we said in *Vaktaren Pub. Co. v. Pacific Tribune Pub. Co., supra:*

"The condition of the case is analogous to that where a demurrer has been sustained to a complaint, and we have repeatedly held that an appeal will not lie from such an order [citing authorities]."

The appellants rely upon the following cases: *Snohomish County v. Ruff*, 15 Wash. 637, 47 Pac. 35, 441; *State ex rel. Twig v. Superior Court*, 34 Wash. 643, 76 Pac. 282; *State ex rel. Stratton v. Tallman*, 29 Wash. 317, 69 Pac. 1101; *Pringle v. Pringle*, 55 Wash. 93, 104 Pac. 135; *In re Crosby*, 42 Wash. 366, 85 Pac. 1. But we think none of these cases, except *Snohomish County v. Ruff*, is in point upon the question presented here. Since the decision in that case, we have frequently held that appeals cannot be prosecuted to this court from interlocutory orders, but that such orders will be reviewed upon the final judgment entered in the case, and not otherwise. The same is true in this case. If the court erred in requiring the appellants to elect because the defenses were inconsistent, that question may be reviewed here upon final judgment of the case, but not until then.

The motion to dismiss is therefore granted.

CROW, C. J., FULLERTON, MORRIS, and PARKER, JJ., concur.