[No. 15137. Department Two. January 9, 1919.]

ANGUS J. OLIVER et al., Appellants, v. ALEX POLSON et al., Respondents.[1]

APPEAL (48)—DECISIONS REVIEWABLE—FINALITY—ELECTION BE-TWEEN CAUSES. An order requiring plaintiff to elect between two causes of action, separately stated, is not appealable, since it does not determine the action or prevent final judgment, and may be reviewed after final judgment, either upon a dismissal of the cause not tried embodied in the final judgment; or under Rem. Code, § 1716, subd. 2, authorizing the review of any order made in the same action on appeal from a final judgment.

Appeal from an order of the superior court for King county, Frater, J., entered September 24, 1918, requiring an election between causes of action in plaintiff's complaint. Dismissed.

Edwin H. Flick, for appellants.

Kerr & McCord and Stephen V. Carey, for respondents.

MAIN, C. J.—This is an appeal from an order of the superior court requiring the plaintiffs to elect which of two causes of action they would go to trial upon. The amended complaint, which will be referred to as the complaint, contains two causes of action, separately stated. The defendants, believing that these two causes of action were inconsistent, moved the superior court to require the plaintiffs to elect upon which of them they would proceed to trial. This motion was sustained, and an order entered requiring an election. From this order, the plaintiffs appeal.

The respondents move to dismiss the appeal on the ground that the order is not an appealable one. If the order is appealable, it must be by reason of Rem.

[1]Reported in 177 Pac. 678.

Code, § 1716, subd. 6. Under that statute an order to be appealable must, in effect, determine the action and prevent a final judgment, or it must discontinue the action. In *Vaktaren Pub. Co. v. Pacific Tribune Pub. Co.*, 41 Wash. 355, 83 Pac. 426, it was held that an order striking a complaint from the files for the reason that it contained two or more causes of action which were not separately stated was not a final order, and was therefore not appealable. In *Virtue v. Stanley*, 79 Wash. 87, 139 Pac. 764, it was held that an appeal would not lie from an order requiring the defendant to elect between two inconsistent affirmative defenses, since such an order was merely interlocutory and did not determine the action or prevent a final judgment. While the analogy between those cases and the present is not perfect, yet it would seem that the same rule should be applied to the present case. The order complained of does not determine the action or prevent a final judgment. Neither does it discontinue the action.

It does not follow from this, however, that the appellants are deprived of the right to have the order reviewed when a final judgment shall have been entered. If the appellants should decline to elect, as required by the order, and allow a judgment of dismissal to be taken against them, they could appeal from that judgment. But this is not their only remedy. If, after making an election, a judgment of dismissal should be entered by the trial court as to the cause of action upon which the appellants did not elect to proceed to trial, an appeal could be prosecuted from that judgment. When a cause comes to this court based upon two causes of action, separately stated, and the record or the special findings of the jury are such that the two can be segregated, the court will

affirm as to one and reverse as to the other, if this be in accord with the law and the facts. *Auwarter v. Kroll,* 79 Wash. 179, 140 Pac. 326. Likewise, it would seem that there would be no legal impediment to the superior court entering a judgment of dismissal as to one cause of action, and the cause proceed to trial upon the other. If a judgment should not be entered in either one of the manners just specified, a judgment of dismissal as to the cause of action upon which appellants elected not to proceed could be embodied in the final judgment in the cause, after a trial upon the merits upon the cause of action which they elected to have tried, and an appeal could be prosecuted from this judgment, which would bring to this court for review the order requiring appellants to elect. In subd. 2 of § 1716, Rem. Code, it is provided that an appeal from a final judgment entered in an action "shall also bring up for review any order made in the same action or proceeding either before or after the judgment," in case the record sent up on appeal shall show such order sufficiently for the purpose of a review thereof.

It follows that the appeal must be dismissed, and it is so ordered.

FULLERTON, PARKER, MOUNT, and HOLCOMB, JJ., concur.