[No. 15168.   Department Two.   April 16, 1919.]

CARL A. WHITEHEAD, *Appellant*, v. JOHN STRINGER,
*as Sheriff of King County*, SCOTT MALONE, *as
Deputy Sheriff of King County*, AND
NATIONAL SURETY COMPANY,
*Respondents.*[1]

APPEAL AND ERROR (47, 49) — DECISIONS REVIEWABLE — FINALITY.
Appeal lies from an order sustaining a demurrer to one of the
plaintiff's causes of action and dismissing the same with prejudice,
since it is a final judgment as to such cause of action.

FALSE IMPRISONMENT—DAMAGES—PROXIMATE CAUSE. Where, upon
making an arrest without warrant or reasonable grounds, the sheriff
was informed that the prisoner's automobile was left in a dangerous
place, and refused permission to remove the same to a safe place,
and failed to take care of it, the arrest and refusal of the sheriff to
care for it was the proximate cause of loss due to theft and damage
through the independent acts of criminals who molested it.

Appeal from a judgment of the superior court for
King county, Gilliam, J., entered September 14, 1918,
dismissing an action upon a sheriff's bond for dam-
ages for unlawful arrest, upon sustaining a demurrer
to the complaint.   Reversed.

*Elias A. Wright* and *Sam A. Wright,* for appellant.

*Walter S. Fulton* and *C. B. White,* for respondents.

MOUNT, J.—Plaintiff brought this action to recover
damages for an alleged unlawful arrest.   The com-
plaint stated two separate causes of action.   Defend-
ants filed separate demurrers to these two causes of
action.   The trial court overruled the demurrer to the
first cause and sustained the demurrer to the second
cause of action.   Plaintiff elected to stand upon the
allegations thereof, and the court entered an order
dismissing, with prejudice, the second cause of action.

[1]Reported in 180 Pac. 486.

Plaintiff has appealed from the order dismissing the second cause of action.

Respondents move to dismiss the appeal for the reason that the order sustaining the demurrer to the second cause of action is not appealable because it is not a final order, but an interlocutory one. It is first contended, upon the motion, that the appeal will not lie from an order sustaining a demurrer when there is no judgment dismissing the action. As sustaining this position, counsel cites *Schutzler v. Times Publishing Co.*, 88 Wash. 236, 152 Pac. 1018. That rule is not applicable to this case because here there was a final order dismissing the second cause of action with prejudice. Respondents also cite *Vaktaren Publishing Co. v. Pacific Tribune Publishing Co.*, 41 Wash. 355, 83 Pac. 426, where we held that an order before final judgment, to be appealable under the statute, must in effect determine the action and prevent a final judgment, or it must discontinue the action. The order in this case upon the second cause of action discontinues and determines that action, so that case does not apply. Respondents further cite the case of *Virtue v. Stanley,* 79 Wash. 87, 139 Pac. 764, where we said:

"We have frequently held that appeals cannot be prosecuted to this court from interlocutory orders, but that such orders will be reviewed upon the final judgment entered in the case, and not otherwise."

The order in this case is not an interlocutory order in so far as the second cause of action is concerned. It is a final judgment upon that cause of action. In the case of *Oliver v. Polson,* 105 Wash. 164, 177 Pac. 678, where two causes of action were stated and the plaintiff was required to elect upon which cause of action he would proceed, we said:

"If, after making an election, a judgment of dismissal should be entered by the trial court as to the

cause of action upon which the appellants did not elect to proceed to trial, an appeal could be prosecuted from that judgment."

That rule governs this appeal; for here the trial court sustained a demurrer to the second cause of action and dismissed it with prejudice. This was a final judgment from which there is a right of appeal. The motion to dismiss must therefore be denied.

The second cause of action, as stated in the complaint, is to the following effect: That the defendant, John Stringer, is the duly elected, qualified and acting sheriff of King county; that Scott Malone is his duly appointed, qualified and acting deputy; that the National Surety Company is surety upon the official bond of the sheriff; that the defendant, Scott Malone, as deputy sheriff, at about twelve o'clock, noon, on November 28, 1917, wrongfully and unlawfully, and without a warrant, arrested plaintiff and imprisoned him in the county jail of King county in charge of the sheriff, without any warrant for his arrest and without any complaint of any kind being filed against him; that on November 30, 1917, the plaintiff was required to and did procure his release from said jail wherein he was wrongfully and unlawfully imprisoned; that the plaintiff had not committed any crime of any kind; and that the defendants Stringer and Malone had no reasonable ground to believe the plaintiff had committed any crime. The complaint then alleges as follows:

"Plaintiff further says that at the time of his unlawful arrest and imprisonment, as set forth heretofore, he was engaged in the automobile express business, and had his automobile truck standing near the Colman dock in the city of Seattle, which is a public dock along the waterfront in the said city. That the defendant, Scott Malone, as deputy sheriff, over the

remonstrance of this plaintiff at the time of his arrest, refused to permit the plaintiff to remove the said automobile truck to a safe place, although the said deputy sheriff well knew, or in the exercise of ordinary care should have known, that the said truck was left in a dangerous place, where its parts could be easily stolen and would be stolen and the machine damaged by reason of its being left standing in front of the said dock. That the said deputy sheriff, Scott Malone, and the said sheriff, John Stringer, over the remonstrance of this plaintiff, kept him incarcerated in the said King county jail as aforementioned, and refused to permit him to have the said automobile truck removed to a safe place, and they themselves, and each of them, refused to take any steps to preserve or look after the said plaintiff's automobile truck, and over the remonstrance of this plaintiff it was permitted to remain on the public thoroughfare of the city of Seattle, near the Colman dock, and the defendants well knowing, or in the exercise of ordinary care should have known, that the said automobile truck would be stripped of its fittings and damaged from the time of the plaintiff's arrest until sometime in the afternoon of November 29, 1917, and the defendants, and each of them, further well knowing that the said automobile truck and its furnishings and fittings was the property of this plaintiff.''

The complaint then alleges that, while the truck was permitted to remain as aforesaid, it was, by parties unknown to plaintiff, stripped of a number of fittings and furnishings which are itemized to the value of $101.20. The complaint further alleges that, in addition, the transmission of the truck was attempted to be removed by parties unknown to the plaintiff, and was damaged in the sum of $112.50. The plaintiff prayed for judgment upon this cause of action for $213.70.

The respondents argue that, since the complaint shows the automobile truck was damaged by an inde-

pendent intervening criminal act of third persons, which act the sheriff was not bound to anticipate, therefore the act of arresting the appellant was not the primary cause of loss. They rely upon the rule as stated in 22 R. C. L., at page 137, as follows:

"Wrongful acts of independent third persons, not actually intended by the defendant, are not regarded by the law as natural consequences of his wrong, and he is not bound to anticipate the general probability of such acts, any more than a particular act by this or that individual. The rule applies *a fortiori* to criminal acts. Thus negligence on the part of the maker of an obligation is not the proximate cause of loss through theft or forgery, since such criminal conduct could not reasonably be anticipated."

That rule is well supported by the authorities cited in a foot note to the text and by authorities which are cited in respondents' brief; but we think it does not control this case. The rule is also stated in the same volume of R. C. L., at page 132, as follows:

"Whenever a new cause intervenes which is not a consequence of the first wrongful cause, which is not under the control of the wrongdoer, which could not have been foreseen by the exercise of reasonable diligence by the wrongdoer, and except for which the final injurious consequences would not have happened, the second cause is ordinarily regarded as the proximate cause and the other as the remote cause."

We think the controlling question here is whether the complaint is sufficient to show that the sheriff knew, or had reasonable cause to believe, that the automobile was in an unsafe place and would likely be molested at the place where it was left. The complaint upon its face shows, in the allegation hereinbefore quoted, that the deputy sheriff, over the remonstrance of the appellant, refused to permit the appellant to remove the truck to a safe place; that the

deputy sheriff well knew, or in the exercise of ordinary care should have known, that the truck was left in a dangerous place where its parts could be easily stolen and would be stolen; and that the sheriff and the deputy sheriff refused to permit the appellant to have the automobile removed to a safe place and they themselves refused to take any steps to preserve or look after the automobile truck. But for these allegations, we have no doubt the rule relied upon by the respondents would apply, and the sheriff could not be held to anticipate that a third party would intervene and molest the automobile. But when it is alleged, as it is here, that the deputy was informed of the fact that the automobile was in a dangerous place where its parts could easily be stolen, and where the sheriff or his deputy refused to permit the automobile to be placed in a safe place, where they refused to take care of it themselves, we are of the opinion that, under these circumstances, they are liable for the injury which occurred to the automobile truck in such place. In the case of *Horan v. Inhabitants of Watertown*, 217 Mass. 185, 104 N. E. 464, it was said:

"Where as here the original negligence of the defendant is followed by the independent act of third persons which directly results in injurious consequences to the plaintiff, the defendant's earlier negligence may be found to be the direct and proximate cause of those injurious consequences, if according to human experience and in the natural and ordinary course of events the defendant ought to have seen that the intervening act was likely to happen."

We think it is unnecessary to cite other cases to this point. According to the allegation of the complaint, the deputy sheriff's attention was called to the fact that this was an unsafe place to leave the automobile. The deputy sheriff refused to take care of the

automobile, and refused to permit the appellant to take care of it. Under these circumstances, we are satisfied that the arrest and the refusal of the sheriff to take care of the automobile truck was the proximate cause of the loss.

We are of the opinion, therefore, that the demurrer to the second cause of action should have been overruled.

The judgment appealed from is therefore reversed, and the cause remanded for further proceedings.

CHADWICK, C. J., FULLERTON, PARKER, and TOLMAN, JJ., concur.