[No. 18421. Department Two. November 20, 1925.]

JOHN QUIENT, *Appellant*, v. H. L. JENNINGS *et al.*,
*Respondents.*[1]

APPEAL (46)—DECISIONS REVIEWABLE—FINAL ORDERS—PRELIMI-
NARY MOTIONS—ORDER QUASHING WRIT OF REPLEVIN. An order re-
fusing leave to amend a complaint and quashing a writ of replevin
is not appealable, since it does not constitute a final order under
Rem. Comp. Stat., § 1716, determining or discontinuing the action.

Appeal from an order of the superior court for King
county, Gilliam, J., entered July 24, 1923, quashing a
writ of replevin, on motion of defendant. Appeal dis-
missed.

*Philip Tworoger*, for appellant.

*J. Kalina*, for respondents.

MACKINTOSH, J.—The appellant filed a complaint
alleging that he was the owner of a stallion, then in
the possession of the respondents, which they had
wrongfully obtained, and demanded that possession
be delivered to him, the fourth paragraph of the com-
plaint being as follows:

"That the value of said personal property is the
sum of Five Hundred ($500.) Dollars, which sum the
plaintiff demanded of the defendants."

An affidavit for a writ of replevin was made and
bond furnished, and the respondents thereupon moved
for an order quashing the writ, it being their con-
tention that the action was not one in replevin, but
one for conversion. At the time that the motion came
on for hearing, the appellant moved for leave to amend
the complaint by striking from paragraph IV the
words, "which sum the plaintiff demanded of the de-

[1]Reported in 240 Pac. 899.

fendants." This motion was denied, the court making this order:

"It is hereby ordered that the plaintiff's motion to amend the complaint by erasing or striking from the said complaint, in paragraph IV thereof, the words 'which sum plaintiff demanded of the defendants' be and is hereby denied.

"2. That the motion of the defendant H. L. Jennings to quash the writ of replevin is hereby granted and the writ be quashed."

Thereupon the appellant gave notice of appeal and filed his bond.

We are met at once with the respondents' motion to dismiss the appeal for the reason that the order appealed from is not an appealable one.

Section 1716, Rem. Comp. Stat., subd. 6, provides that an appeal may be had from an order which in effect determines the action or discontinues it. The order appealed from here does neither of these things, and is therefore not an appealable order, and the respondents' motion must be and is granted. Subsequent to the entry of the order, the appellant could have brought the action to trial in the superior court and was not prevented therefrom by the order which was entered. See *Oliver v. Polson,* 105 Wash. 164, 177 Pac. 678.

Appeal dismissed.

TOLMAN, C. J., PARKER, MITCHELL, and MAIN, JJ., concur.