[No. 23489. *En Banc.* June 20, 1932.]

BERNARD PELLY et al., *Respondents,* v. BELLE T. BEHNEMAN, *Appellant.*[1]

[1]Reported in 12 P. (2d) 422.

466

*Mark M. Litchman* and *Lawrence Seltzer,* for appellant.

*Hyland, Elvidge & Alvord,* for respondents.

HERMAN, J.—Plaintiffs sued to rescind a real estate contract entered into between them and defendant September 20, 1927. The suit was instituted against both defendant and her husband. They answered separately, denying, among other things, that the contract was a community obligation. Defendant Belle T. Behneman's answer also contained an affirmative defense and cross-complaint relating to or alleged to have grown out of the transaction upon which the cause of action alleged in the complaint arose. The trial court entered an order March 23, 1931, sustaining a demurrer to the affirmative defense and cross-complaint of the aforesaid defendant.

June 18, 1931, the trial court entered a judgment reciting that the matter had previously come on for hearing upon the demurrer of the plaintiffs to the cross-complaint and counterclaim of defendant Belle T. Behneman; that the court had theretofore entered an order sustaining the aforesaid demurrer; and that the defendant had refused to plead over. It contained the following provision:

"It is hereby ordered, adjudged and decreed that the cross-complaint and counterclaim of the defendant, Belle T. Behneman, be and the same is hereby dismissed with prejudice."

From the foregoing judgment of dismissal, defendant Belle T. Behneman has appealed.

The trial court has not yet entered any other judgment in the action, from which it follows that the judgment of dismissal appealed from was premature. Since, however, the trial court entered the judgment of dismissal "with prejudice," appellant was compelled

to take this appeal in order to protect her right to have the merits of the ruling inquired into at the proper time under the statute. · The correct procedure would have been to have entered no order other than that sustaining the demurrer.

The judgment here appealed from differs from that entered in *Old National Bank v. O. K. Gold Mining Co.*, 19 Wash. 194, 52 Pac. 1065, in that the order dismissing the counterclaim in that case was not entered "with prejudice." The judgment here appealed from is similar to the order entered in the case of *Snohomish County v. Ruff*, 15 Wash. 637, 47 Pac. 35, 441, in that it affected a substantial right and determined the action as to the particular matter in issue, and was in effect a judgment thereon against the appellant.

The question whether the trial court was right in sustaining the demurrer, would be reviewable upon an appeal from a final judgment covering all the other issues in the case.

Rem. Comp. Stat., § 1736, provides:

"Upon an appeal from a judgment, the supreme court may review any intermediate order or determination of the court below which involves the merits and materially affects the judgment, appearing upon the record sent up from the superior court."

The question of whether or not the trial court was correct in its conclusion that the demurrer should have been sustained, is not before us. The only question to be decided is whether the judgment dismissing the appellant's affirmative defense and cross-complaint with prejudice was prematurely entered. We hold that it was, and that its effect was to compel appellant to appeal, if she would protect her right to have the merits of the ruling inquired into at the proper time. The ruling complained of, in effect, requires appellant to

appeal piece by piece. In *Freeman v. Ambrose,* 12 Wash. 1, 40 Pac. 381, the court said:

"We think it against the policy of the law to give the act a construction that would multiply appeals and permit litigants to bring their causes here by piece-meal, . . . ."

Reversed.

TOLMAN, C. J., MITCHELL, PARKER, MAIN, BEALS, and MILLARD, JJ., concur.

HOLCOMB, J. (dissenting)—The foregoing opinion is erroneous both in reasoning and result. Its interpretation of our decision in the *Old National Bank* case, *supra,* is incorrect. The statute, which remains the same at present, was quoted, which provides that an appeal may be taken

"From any order affecting a substantial right in a civil action or proceeding, which either, (1) in effect determines the action or proceeding and prevents a final judgment therein; or (2) discontinues the action;"

It was then said:

"The language of the statute seems to be clear. The order must in effect determine the action and prevent a final judgment or discontinue the action. It is maintained, however, by appellant that the orders are appealable under the announcement made by the court in *Snohomish County v. Ruff,* 15 Wash. 637 (47 Pac. 35, 441). That was an action on the official bond of the county auditor, and one among several allegations made was that the auditor was *ex officio* clerk of the board of county commissioners, and in such capacity had received money and failed to account for $1,818.71. The suit was against the auditor and his sureties on his official bond. The motion to strike this allegation from the complaint was granted by the superior court and the county appealed therefrom. All that this court said was:

" 'It is next contended that it was not an appealable order, but this cannot be sustained, for it af-

fected a substantial right and determined the action as to the particular matter in issue, and was in effect a judgment against the plaintiff thereon.'

"This court in *McElwain v. Huston,* 1 Wash. 359 (25 Pac. 465), held that

" 'An order of the superior court striking out a portion of the defendant's answer is not an appealable order;' and in *Olsen v. Newton,* 3 Wash. 429 (30 Pac. 450), it was held that an order sustaining a demurrer to plaintiff's complaint, when no final judgment was entered, was not appealable. In the case at bar a demurrer to two defenses and the counterclaim contained in the answer was sustained. The statute of appeals declares that not only must a substantial right be affected, but it must in effect determine the action or proceeding and prevent a final judgment. Certainly in this case the whole cause of action stated in the complaint was left unaffected and the general denial of defendant, together with several affirmative defenses, was left unaffected after the ruling upon the demurrers. The action therefore was not in effect determined. . . . In the case of *Snohomish County v. Ruff, supra,* two of the judges dissented, one not stating the grounds of his dissent and the other refusing to concur in the disposition made of the motion to dismiss the appeal. The discussion by the court of whether the order was appealable is confined to five lines in the opinion and evidently the court's attention was principally directed to the merits of the cause in the argument of counsel, and in the opinion rendered. We conclude that the motion to dismiss the appeal on the ground that the orders appealed from are not within the provisions of the statute must prevail."

It is to be observed that the *Snohomish County* case, *supra,* was decided by a bare majority and that Judge Dunbar, who concurred therein, in the *Old National Bank* case just quoted, stated that, upon further consideration of the question involved in the case of *Snohomish County v. Ruff,* he thought that the case should be directly overruled.

It is apparent, therefore, that the *Old National Bank* case, relied upon in the majority opinion, both in its reasoning and result, is contrary to the reasoning and result reached in this case, and that *Snohomish County v. Ruff, supra,* is no longer authority.

Nor does the reasoning or result in *Freeman v. Ambrose,* 12 Wash. 1, 40 Pac. 381, partly quoted in the opinion herein, sustain the opinion. While it was a different character of order that was under consideration in that case, the appeal was dismissed, and the court observed:

"We think it against the policy of the law to give the act a construction that would multiply appeals and permit litigants to bring their causes here by piecemeal, and especially so since the act itself provides that an appeal from any 'final judgment shall also bring up for review any order made in the same action, either before or after the judgment.' Laws 1893, p. 119, subd. 1, § 1.

"The ruling complained of can be reviewed after a final judgment shall have been entered in the cause, and upon an appeal from such judgment a complete and just disposition of the cause can be made. To permit an appeal from an order of this character is to needlessly delay the progress of litigation, frequently amounting to a denial of justice, and in a vast majority of cases it would be productive merely of expense to litigants and the placing of useless and unnecessary labor upon the court."

The same reasoning applies precisely here.

It is stated by appellant in her brief that, although her

" . . . affirmative defense and cross-complaint has been dismissed with prejudice, the plaintiffs' case is still at issue, the defendant having denied the material allegations of the plaintiffs' complaint. However, the defendant is barred by the adverse decision of the trial court from either presenting the affirmative matter and cross-complaint in the same action

or from bringing an independent action to obtain the required relief. It is from the judgment of dismissal with prejudice the defendant is appealing.''

Respondents have not questioned the right to appeal from that order, but, inasmuch as appellate jurisdiction cannot be conferred upon this court by waiver or consent, as we have often said, the court should, *sua sponte,* raise the jurisdictional question in the absence of objection by respondents. This is a matter that the court would entertain at any time even upon suggestion, or upon its own motion, if it came to the attention of the court. *First National Bank of Aberdeen v. Carter,* 10 Wash. 11, 38 Pac. 877.

Rem. Comp. Stat., now § 1716, *et seq.,* gives the right to any aggrieved party to appeal from orders and determinations made by the superior court to this court in the mode prescribed therein, and no other.

The notice of appeal in this case was given one day after the order dismissing the cross-complaint with prejudice, and is manifestly well within the time to appeal from either final judgments, or interlocutory orders made before judgment.

It is obvious that the order appealed from is not a final judgment in the action, nor one which, in effect, determines the action or proceeding and prevents a final judgment therein, or discontinues the action. *First National Bank of Aberdeen v. Carter, supra; Marsh v. Degeler,* 3 Wash. 71, 27 Pac. 1073; *Virtue v. Stanley,* 79 Wash. 87, 139 Pac. 764; *Oliver v. Polson,* 105 Wash. 164, 177 Pac. 678; *Nishimoto v. Vernon,* 107 Wash. 555, 182 Pac. 617.

One case which, at first blush, might seem to be opposed to these decisions is *Whitehead v. Stringer,* 106 Wash. 501, 180 Pac. 486, 5 A. L. R. 358, but on analyzing that case it will be seen that two causes of action had been alleged by the plaintiff, separate demurrers

472

were interposed to each of the causes of action, as to which the court overruled the demurrer to the first cause and sustained the demurrer to the second cause. Plaintiff elected to stand upon the allegations of the second cause, as well as those of the first, and the court entered an order dismissing with prejudice the second cause of action, from which plaintiff appealed.

It is at once manifest that the dismissal of the second cause of action discontinued that cause of action and was a final judgment as to it. No issue of fact had been made in that case as there has in this. No final judgment could have been entered in this case until after the hearing on the issues of fact.

The appeal is manifestly premature, and should be dismissed.

