[No. 1422. Decided November 22, 1894.]

THE COUNTY OF MASON, *Appellant, v.* W. H. H. DUNBAR and W. R. LOTZ, *Respondents.*

APPEAL—ORDER SUSTAINING DEMURRER.

An appeal will not lie from an order sustaining a demurrer.

*Appeal from Superior Court, Mason County.*

*Joseph A. McDonald,* for appellant.

*H. S. Tremper,* for respondents.

The opinion of the court was delivered by

DUNBAR, C. J.—This is an appeal from an order sustaining a demurrer to a complaint. After the demurrer was sustained, and before judgment was entered, the plaintiff gave notice of appeal from the said order sustaining the demurrer, and did appeal therefrom, the judgment never having been entered in the original case. Respondents move to dismiss this appeal for the reason that there is no provision in law for appealing from an order of the court sustaining a demurrer.

This court held in *Potvin v. McCorvey,* 1 Wash. 389 (25 Pac. 330), that no appeal would lie from an order sustaining a demurrer, and that ruling has been followed in several subsequent cases prior to the enactment of the laws of 1893. The laws of 1893 (p. 119) provide what are appealable orders, and provide in terms that such orders as are specified in the act only shall be appealed from. We fail to find any provision in the laws of 1893 for an appeal from an order sustaining a demurrer.

It is urged by the appellant that the sustaining of the demurrer was practically a judgment of dismissal and necessarily in effect discontinued the action, and that if plaintiff had moved for a formal judgment of dismissal it would have put itself voluntarily out of court, and that such a motion would have barred its right to have commenced another

action.    We do not think that such a motion could be considered a voluntary dismissal of the action to the extent of barring the commencement of another action.    Ordinarily the court can be relied upon, and it is the natural order of things and the practice of the court when a demurrer to a complaint is sustained, if the plaintiff elects to stand upon his complaint, that a judgment of dismissal follows.    It certainly would always follow upon a suggestion to the court from either plaintiff or defendant, and if the suggestion should come from the plaintiff it could in no sense be construed as a voluntary dismissal of the action.

The motion will therefore be sustained and the appeal dismissed.

HOYT, STILES, ANDERS and SCOTT, JJ., concur.