| 26 | 427 |
| e36 | 551 |

[No. 3587.   Decided December 3, 1901.]

WILLIAM M. RIDPATH, *Appellant,* v. SANS POIL and COLUMBIA RIVER FERRY & TRANSPORTATION COMPANY, *et al., Respondents.*

RECEIVERS — APPOINTMENT PENDENTE LITE — DISCRETION OF COURT.

The action of the trial court in refusing to grant an application for a receiver *pendente lite*, in a suit for an accounting and the dissolution of a corporation, is not an abuse of the discretion reposed in the court in such matters, where it does not appear that the property of the corporation is endangered, nor that its business is being diverted from the purpose for which it is incorporated, nor that the property is not being economically managed, nor that the applicant has displayed diligence in applying for relief, and where it appears that the only showing made is the denial of plaintiff's right to inspect the corporate books on the ground of his not having paid his subscription to the capital stock.

Appeal from Superior Court, Lincoln County.—Hon. CHARLES H. NEAL, Judge. Affirmed.

*Blake & Post,* for appellant.

*Myers & Warren* and *Forster & Wakefield,* for respondents.

The opinion of the court was delivered by

FULLERTON, J.—This is an appeal from an order refusing to appoint a receiver for a corporation *pendente lite.* The action is brought by a minority stockholder for an accounting and for the final winding up of the corporation. In the complaint it is alleged that the corporation was organized under the laws of the state of Washington on the 20th day of February, 1897, with a capital stock of $5,000, divided into fifty shares of $100 each, for the purpose, among other things, of acquiring and operating a ferry across the Columbia river near the mouth of the Sans Poil, in Lincoln county; that within a few days after its incorporation the corporation bought and acquired a ferry boat, and has ever since held, owned, and operated it at the place designated; that the stock of the corporation was originally issued as follows: Thirty shares to the respondent Keller, ten shares to one Chamberlain, and ten shares to one Neeley; and that Keller had, prior to the commencement of the action, acquired the shares issued to Chamberlain, and that respondent had acquired those issued to Neeley; that the respondent Keller has been president of the corporation, and the sole manager of its business, ever since its incorporation; that as such he has received all of the revenues arising from the business of the corporation, and that he has wrongfully and unlawfully refused to account to the appellant therefor, and has wrongfully and unlawfully converted and ap-

propriated the same to his own use, claiming that he was the sole owner thereof; "that the plaintiff and the defendant Keller, at the present time, are the only stockholders in said corporation, . . . and since plaintiff became a stockholder, as aforesaid, said Keller has utterly ignored all his rights in said corporation, and wrongfully and fraudulently denied him any of the rights of a stockholder, and has refused to give him access to the books, records, papers, and accounts of the corporation; that prior to plaintiff's becoming a stockholder as aforesaid, and while said Chamberlain and Neeley were stockholders therein, and at all times since the organization of said corporation, the defendant Keller has had sole possession and control over all moneys, funds, and property thereof, and during all that period, and ever since down to the present time, has wrongfully and fraudulently refused to make any accounting thereof to the other stockholders." The prayer is for an accounting; that the affairs of the corporation be wound up, its property sold, and the proceeds divided among the stockholders; that a receiver be appointed for that purpose; and that plaintiff have general relief. To the complaint the respondents filed an answer, in which they denied the fraudulent acts of Keller charged in the complaint, and by way of affirmative matter alleged that the stock in the corporation was issued originally to the parties named in the complaint on the understanding and agreement that each of the parties should pay to the corporation the par value thereof, and that in pursuance thereof Keller did pay into the corporation $3,000, and Chamberlain $1,000, but that Neeley, the plaintiff's assignor, failed, neglected, and refused to pay for any part of the stock issued to him, and that all of the property owned and acquired by the

company is property purchased with the moneys paid in by Keller and Chamberlain; that Keller had managed the affairs of the company as economically as possible, and that its business had not been profitable; that the gross receipts from the ferry during the time had been $3,146.95, and the expenditures for hire and help in running the same had been $2,912.60, and in addition thereto, he had paid $50 for a ferry license, $20 for a corporation license, taxes amounting to $29.22, and had worked fifty days in improving the ferry and the road leading thereto, which was reasonably worth $200; that the defendant Keller was solvent, and abundantly able to respond to and pay any judgment that might be obtained against him in the action, and offered to enter into a bond in such sum as the court might designate, conditioned to pay any sum that be found due from him to the plaintiff on an accounting. The record does not show any plea to the affirmative matter contained in the answer.

The application for the appointment of a receiver *pendente lite* was heard upon oral evidence, which is transmitted here in the record. It consisted of the testimony of Neeley, the appellant, and one Dunning, who acted as the agent of appellant, to the effect that the respondent Keller had refused to permit an inspection of the books of the corporation, or to render an account of its business to either of them, because, as he claimed, neither Neeley nor the appellant had any interest in the corporation, claiming that the stock issued to Neeley had never been paid for, which claim Neeley testified was untrue. He did not state, however, when, nor in what manner, the stock had been paid for. No evidence was offered on behalf of respondent, further than that he stipulated through his attorneys that the appellant might immediately, and at all times, have access to the books of

account, and proffered through the same source to file a
bond in such sum as the court might direct payable to the
appellant, and conditioned that he would satisfy and pay
any judgment that might be recovered against him or the
corporation on the trial of the cause.   No attempt was
made to show the condition of the business of the corpor-
ation, whether it had been profitable or unprofitable, or
whether there would be anything due the appellant should
an accounting be had.   Nor was it shown that the prop-
erty was being wasted, or that there was danger of its
being lost or destroyed during the pendency of the action,
or that its business was being improperly managed.   The
court denied the application for the appointment of a re-
ceiver, and directed that Keller enter into a bond in the
sum of $3,000 conditioned to pay the appellant whatever
judgment he might recover on the final disposition of the
case.   This bond was afterwards furnished.

While the power to appoint a receiver to manage the
business of a corporation, pending an action between par-
ties over their respective rights therein, exists in courts of
general jurisdiction, it is a power, nevertheless, which
should be exercised with caution, and only under such cir-
cumstances as seem to demand exemplary relief. To appoint
such a receiver is the exercise of an extraordinary remedy,
and is to be resorted to only when the ordinary remedies
are inadequate.   The purpose of such an appointment is
to prevent the defeat of justice.   It is to preserve intact
the property and business of the corporation until the
conflicting claims of the respective litigants can be heard
and determined in the due and ordinary course of pro-
cedure followed by the courts.   A litigant in such a cause
cannot, therefore, prior to the determination of his as-
serted claims, demand the appointment of a receiver as a
matter of right.   He must show some necessity for the

extraordinary remedy; he must show either that the business of the corporation is being diverted from the purposes for which it was organized to his injury, that its property is in danger of being wasted, destroyed, or removed from the jurisdiction of the court, or that there is no competent person entitled to manage its business or hold its property pending the litigation. To make a *prima facie* showing of right to share in the profits of the concern, and show a denial of such right by the persons in actual control, is not sufficient. For wrongs of this character the ordinary remedies afforded by the courts will furnish ample relief. Moreover, it is a general rule that a party who applies for the appointment of a receiver must show diligence. Laches in making the application is alone a sufficient reason for denying the application. It is also the rule in this jurisdiction, if not the general rule, that an application for the appointment of a receiver *pendente lite* is addressed to the sound discretion of the trial court, and his ruling thereon can only be reviewed as for an abuse of discretion. *Roberts v. Washington National Bank,* 9 Wash. 12 (37 Pac. 26); *Cameron v. Groveland Improvement Co.* 20 Wash. 169 (54 Pac. 1128, 72 Am. St. Rep. 26). Tested by these rules, it is clear that the trial court did not err in refusing to grant the application of the applicant for a receiver *pendente lite* in the present case. No necessity for the appointment is shown. It does not appear that the property of the corporation is endangered, nor does it appear that its business is being diverted from the purposes for which it is incorporated, nor that it is not being properly and economically managed. In fact, the only thing shown which even remotely tends to warrant such an order is the denial of the right of the applicant to inspect the books of the concern. But

the denial does not seem to have been arbitrary. It was based upon the contention that the applicant had no interest in the corporation because he had not contributed his agreed proportion of its capital stock. More than this, the denial of this right had continued throughout the life of the corporation, and the successor in interest of the appellant, whose laches must be imputed to him, took no steps to enforce his asserted interests. This was such a lack of diligence as to warrant of itself a denial of the application. Finding no abuse of discretion on the part of the trial court shown by the record, the order appealed from will stand affirmed.

REAVIS, C. J., and ANDERS, DUNBAR and WHITE, JJ., concur.