[No. 3817.   Decided December 3, 1901.]

SPOKANE DRY GOODS COMPANY, *Appellant*, v. H. G. FRITZ, *Respondent.*

APPEALABLE ORDER — ORDER DISSOLVING ATTACHMENT.

An order discharging an attachment is not appealable under Laws 1893, p. 119, § 1 (Bal. Code, § 6500), which specially provides for an appeal from an order refusing to discharge an attachment, but makes no provision for an appeal from an order discharging an attachment; nor is it applicable under the subdivision of that section, which permits appeal from any order affecting a substantial right by preventing a final judgment therein or discontinues the action.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM McDONALD, Judge. Appeal dismissed.

*Danson & Huneke,* for appellant.

The opinion of the court was delivered by

Anders, J.—This is an appeal before final judgment from an order discharging an attachment. At the outset of the argument in their brief the learned counsel for the appellant frankly state that they are aware that this court has held that such an order is not appealable; but they nevertheless insist that our prior decisions are not in accordance with the provisions of the constitution or of the statute relative to appeals to the supreme court, and should, therefore, be overruled. We have heretofore considered this question so often, both before and since the passage of the appeal act of 1893 (Laws 1893, p. 119), that we are not inclined either to enter upon any elaborate discussion of it at this time or to recede from our former rulings.

In *Jensen v. Hughes*, 12 Wash. 661 (42 Pac. 127), which was an appeal from an order dissolving an attachment, this court observed:

"Chapter 61 of the Laws of 1893 provides what orders, judgments, or proceedings in the superior court may be appealed from; and subdivision 4 of § 1 [Bal. Code, § 6500] provides for an appeal from an order refusing to discharge an attachment. Prior to the enactment of this law it was the uniform holding of this court that neither an order dissolving, nor one refusing to dissolve or discharge, an attachment was appealable; and, inasmuch as the subsequent legislation above referred to provided for an appeal from an order *refusing* to discharge an attachment, and made no provision for an appeal from an order discharging an attachment, we should not be warranted in coming to the conclusion that the legislative will expressed in the chapter above referred to comprehended an appeal from an order discharging an attachment."

It is true that in the opinion from which we have quoted nothing was said as to the scope and effect of subdivision 6 of the section of the statute therein referred to, but it does not follow from that fact that that case does not militate against the contention of appellant. In fact, the whole section was there considered by the court, although the decision was based on a familiar rule of statutory construction. In *Maxwell v. Griffith,* 20 Wash. 106 (54 Pac. 938), it was said, in effect, that, under the statute in question, an order discharging an attachment is reviewable on an appeal from a final judgment in the action; but the former holding of this court was not there overruled. Under the law now in force, however, and which was enacted after this appeal was taken, there can be no doubt that an order dissolving an attachment is appealable; for the legislature, by the amendatory act of February 28, 1901 (Laws 1901, p. 28), has provided in express terms for an appeal from any order discharging, or refusing to discharge, an attachment. In accordance with the uniform practice of this court in similar cases, the appeal must be dismissed at the cost of appellant, and it is so ordered.

REAVIS, C. J., and DUNBAR, FULLERTON and MOUNT, JJ., concur.