[No. 5167.    Decided January 5, 1905.]

E. C. BELDING, *Respondent*, v. THE WASHINGTON CORNICE COMPANY *et. al., Appellants.*[1]

APPEAL AND ERROR—REVIEW—DEMURRER TO COMPLAINT—APPEAL FROM APPOINTMENT OF RECEIVER. Upon an appeal from an order appointing a temporary receiver, an order made at the time of the appointment, overruling a demurrer to the complaint, can not be urged as error where the complaint is not so defective as to be incapable of amendment, since it is not a final order and is reviewable only on appeal from a final judgment.

RECEIVERS—APPOINTMENT—SUFFICIENCY OF SHOWING. Under the rule of this court to appoint a receiver only where it is necessary to prevent the property from being wasted or lost, it is error to appoint a receiver of a corporation, at the suit of one claiming to hold the majority of the stock, and whom the officers refused to recognize as a stockholder, where the proofs consisted of affidavits showing a dispute as to the rightful ownership of the stock.

Appeal from an order of the superior court for King county, Tallman, J., entered December 26, 1903, appointing a temporary receiver, after a hearing upon affidavits. Reversed.

*Morris, Southard & Shipley,* for appellants.

*Tucker & Hyland,* for respondent.

FULLERTON, C. J.—The respondent brought this action against the appellants, alleging that he was the owner, by purchase, of 2,500 shares of the capital stock of the appellant corporation, being five-sixths of the whole of such capital stock, and that the other appellants, who owned the balance of such stock, and who were the officers and managers of the corporation, had refused to transfer his certificates upon the books of the corporation, or recognize in any

1Reported in 79 Pac. 37.

manner his ownership thereof, and that they had denied him the right to share in the profits of the concern, the right to inspect its books, or to participate in its management or affairs in any manner whatsoever. He sought, by the action, to have his ownership of the shares of stock recognized; to have the same transferred upon the books of the company, so as to show his ownership thereof; to have the appellants Swan Beck and John B. Beck ousted as trustees of the company, and the stockholders permitted to elect new officers to fill the vacancies thereby created; and that he have judgment against such officers for the penalty provided for in § 4270, Bal. Code, and such other and general relief as to the court should seem meet and equitable.

At the time of the filing of the complaint, the respondent also applied for a receiver pending the action. On a hearing, which was had after due notice, the court made an order appointing a temporary receiver, directing him to take possession of the property of the corporation and hold it pending a trial of the action. The appellants excepted to the order, and appealed therefrom, giving a bond superseding the receiver pending the appeal.

The appellants filed a general demurrer to the complaint prior to the time fixed for hearing the application for the appointment of a receiver, which was argued and overruled by the court at that hearing. The ruling on this demurrer constitutes one of the errors assigned, and the appellants urge this ruling for our consideration here. It is at once apparent, however, that an order overruling a demurrer is not of itself an appealable order, and that it is not such in connection with any other order of the court which does not determine the action, or otherwise operate as a final judgment against the party appealing. That a complaint does not state facts sufficient to constitute a cause of action

can, of course, be urged as a ground for reversing an order
appointing a temporary receiver; but, to be effective, it
must be shown that the complaint not only fails to state a
cause of action, but that it is so far incapable of amend-
ment that no action at all can be maintained for the cause
stated. That it is merely defective, and subject to demur-
rer on such ground, is not sufficient; it must appear that
the complainant has no cause of action whatsoever, and
that the only order that can be entered is a dismissal of
the action, before it will have that effect. The complaint
here does not present such a case. An action will lie for
the causes stated in the complaint, and, if the complaint
is defective in any particular, it can only be reviewed on
appeal from the final judgment.

On the hearing for the appointment of a receiver, it ap-
peared that the appellant corporation had been organized
by the Becks with a capital stock of three thousand dollars,
divided into three thousand shares of the par value of one
dollar each; that 250 of such shares were issued to John
B. Beck, 250 to Swan Beck, and 2,500 to one Carrie Beck,
who is the wife of Swan Beck. The respondent claimed
to have become the owner, by purchase, for a valuable con-
sideration, of the shares issued to Carrie Beck, and the
question of the good faith of that transaction was the main
point at issue at the hearing.

It was said by this court in *Ridpath v. Sans Poil, etc.,
Transp. Co.*, 26 Wash. 427, 67 Pac. 229, that:

"While the power to appoint a receiver to manage the
business of a corporation, pending an action between par-
ties over their respective rights therein, exists in courts of
general jurisdiction it is a power, nevertheless, which
should be exercised with caution, and only under such cir-
cumstances as seem to demand exemplary relief. To ap-
point such a receiver is the exercise of an extraordinary
remedy, and is to be resorted to only when the ordinary

remedies are inadequate. The purpose of such an appointment is to prevent the defeat of justice. It is to preserve intact the property and business of the corporation until the conflicting claims of the respective litigants can be heard and determined in the due and ordinary course of procedure followed by the courts. A litigant in such a cause cannot, therefore, prior to the determination of his asserted claims, demand the appointment of a receiver as a matter of right. He must show some necessity for the extraordinary remedy; he must show either that the business of the corporation is being diverted from the purposes for which it was organized to his injury, that its property is in danger of being wasted, destroyed, or removed from the jurisdiction of the court, or that there is no competent person entitled to manage its business or hold its property pending the litigation. To make a *prima facie* showing of right to share in the profits of the concern, and show a denial of such right by the persons in actual control, is not sufficient. For wrongs of this character the ordinary remedies afforded by the courts will furnish ample relief."

Tested by this rule, we think the showing made here insufficient. The proofs on the part of the respondent consisted of the affidavit of Carrie Beck to the effect that the shares of stock were her separate property, and not the community property of herself and husband, and that she had sold them to the respondent for a valuable consideration, and the oral testimony of her attorney that $450 passed between them at the time the shares were transferred from Mrs. Beck to the respondent. On the other hand, there was testimony tending to show that the stock was the community property of Mrs. Beck and her husband, and uncontradicted evidence to the effect that she had, by a written agreement, agreed to transfer her interest in them to her husband for the consideration of $1,000, if paid at any time within ten years from the incorporation of the company, and that this sum had actually been

paid her, although no transfer of the stock had been made. There is some evidence, also, to the effect that the respondent knew of this agreement when he purchased the stock, and took it rather to aid Mrs. Beck than as an actual bona fide transaction.

But it is unnecessary to pursue the inquiry further. On the whole, we think there is no reason to take the business out of the hands of the persons who have built it up and are carrying it on, and put it in the hands of a stranger.

The order appealed from is reversed.

HADLEY, DUNBAR, ANDERS and MOUNT, JJ., concur.