[No. 5857. Decided January 5, 1906.]

VAKTAREN PUBLISHING COMPANY, *Appellant,* v. PACIFIC TRIBUNE PUBLISHING COMPANY, *Respondent.*[1]

APPEAL — DISMISSAL — APPEALABLE ORDERS — STRIKING COMPLAINT FOR MISJOINDER OF CAUSES OF ACTION. An order striking a complaint from the files for the reason that it contained two or more causes of action not separately stated is not a final order and is not appealable.

Appeal from an order of the superior court for King county, Albertson, J., entered April 20, 1905, striking the complaint from the files, upon motion of the defendant. Appeal dismissed.

*Gaffney & Berg,* for appellant.

*Bausman & Kelleher,* for respondent.

1Reported in 83 Pac. 426.

FULLERTON, J.—The appellant and respondent each own and publish a newspaper in the city of Seattle. The appellant brought an action against the respondent, alleging that the respondent had, by deceit and fraud, obtained possession of the appellant's mailing lists, and had used the same for the purpose of enticing away its subscribers. It was further alleged that the respondent had sent its own newspaper to such subscribers, and had published therein false, defamatory, and scurrilous articles concerning the appellant's newspaper, and its management, standing, and integrity, and had thereby induced the appellant's subscribers to quit the appellant's paper and subscribe for the respondent's paper to the loss and damage of the appellant in the sum of $20,000, in which amount it demanded judgment.

In response to the summons served upon it, the respondent made a general appearance in the action, and moved the court to strike the complaint from the files of the court for the reason that it contained two or more causes of action which were not separately stated. This motion was granted by the court, and the appellant, conceiving itself aggrieved thereby, has appealed therefrom.

The respondent moves to dismiss the appeal on the ground that the order appealed from is not an appealable order. This motion must be granted. An order entered before final judgment to be appealable under the statute must in effect determine the action and prevent a final judgment, or it must discontinue the action. This order in effect did neither. It simply determined that the complaint was insufficient in form, not that the appellant had no cause of action. The statute expressly provides that the court may allow an amended pleading to be filed where the original is stricken because it contains more than one cause of action or defense and the same are not pleaded separately. The appellant therefore had the right, when the motion to strike was sustained, to elect whether it would stand on its complaint and allow judgment to be taken against it, or whether it would

amend and make its complaint conform to the court's idea of good pleading. As it did neither, the case was still pending in that court, neither discontinued nor determined, when it attempted to appeal to this court. It should have allowed judgment of dismissal to be taken against it and appealed from that judgment. The condition of the case is analagous to that where a demurrer has been sustained to a complaint, and we have repeatedly held that an appeal will not lie from such an order. *McElwain v. Huston,* 1 Wash. 359, 25 Pac. 465; *Olsen v. Newton,* 3 Wash. 429, 30 Pac. 450; *Mason County v. Dunbar,* 10 Wash. 163, 38 Pac. 1003; *Padley v. Gregg,* 26 Wash. 322, 67 Pac. 72.

The appeal is dismissed.

MOUNT, C. J., ROOT, CROW, DUNBAR, and HADLEY, JJ., concur.