[No. 7347.    Decided August 14, 1908.]

THOMAS R. SMITH, *Respondent*, v. EDWIN J. BROWN,
                        *Appellant*.[1]

PARTNERSHIP—RECEIVERS—APPOINTMENT—SHOWING—SUFFICIENCY.
The appointment of a receiver in a suit between alleged partners in
the publication of a book, upon the allegation that defendant denies
the partnership and refuses to recognize the plaintiff or to account
to him, is not warranted where it is not shown that the defendant
was insolvent, and it appears that the book is not yet completed and
cannot be without additional funds, that the partnership is without
funds, and that the receivership would only result in failing to com-
plete the book and realizing anything on the venture; since clear
necessity must be shown for the appointment.

Appeal from an order of the superior court for King coun-
ty, Yakey, J., entered November 6, 1907, appointing a re-
ceiver. Reversed.

*John R. Parker*, for appellant.

PER CURIAM.—The appellant and respondent, together
with Ethol Hine Morse and Gertrude J. Desch, entered into
a partnership agreement to compile, publish and sell to cer-
tain selected patrons a book to be known as the Society Blue
Book of Seattle. By the terms of the writings, the appellant
Brown agreed to finance the concern to the amount of $1,000;
the respondent Smith agreed to present the scheme to certain
selected persons of high social standing and solicit their orders
for the book, and take contracts for the appearance of their
names in the book, together with such insignia of social
standing as might be appropriate; Ethol Hine Morse agreed
to take charge of all matters of art pertaining to the produc-
tion of the book, and of the illustrations and artistic embellish-
ments of the same, and to act as general business manager of
the partnership; and Gertrude J. Desch agreed to perform,

[1]Reported in 96 Pac. 1077.

and cause to be performed, the duties of literary editor of the book. The profits, if any, of the enterprise were to be divided share and share alike. The appellant advanced to the partnership the sum agreed, and the compilation of the book and the solicitation of orders was entered upon. One month later, the respondent and Ethol Hine Morse and Gertrude J. Desch made an assignment in writing of all their interests in the partnership to John R. Parker, an attorney of Seattle.

The purpose of this transfer is a subject of dispute between the parties. The appellant claims that it terminated the partnership and that subsequent thereto he had the sole interest in the enterprise, and that the respondent's connection thereafter with the business was as his employee; while the respondent says that it marked the termination of the interests of two of the parties only, and that he continued thereafter as an equal partner with the appellant. Later on, as the work progressed and was nearing completion, the appellant took the business into his own hands, and refused to recognize the respondent as having any connection therewith or interest therein. The respondent thereupon began this action, asking for an accounting with the appellant and for the appointment of a receiver to take charge of the affairs of the concern pending the determination of his rights therein. The court, on an *ex parte* application, appointed a temporary receiver, making the receivership permanent on a hearing after notice to the appellant. This appeal is from the order appointing the receiver.

There is no appearance in this court for the respondent, and we are not made acquainted with the reasons which actuated the court in the appointment of a receiver; but as we view the record, there would not only seem to be no necessity for the receivership, but that it will work a positive injury to the enterprise, practically rendering it impossible of completion. There is no showing that the appellant is insolvent or financially embarrassed, or that he is not abundantly able to respond to any judgment the respondent should obtain

16—50 WASH.

against him, nor is it shown that the receiver will in any way aid in determining the amount due the respondent should it be ascertained that he is entitled to share in the enterprise. On the other hand, it does appear that the book is not yet completed, and that the partnership is without funds and will require additional funds before anything can be realized out of the enterprise. Unless some charitable person comes to its relief, therefore, it would seem. that the enterprise must die in the receiver's hands for want of means to complete it. The appointment of a receiver is the exercise of an extraordinary remedy, and a clear necessity therefor should be made to appear before the jurisdiction is exercised. *Ridpath v. Sans Poil & Columbia R. Ferry Transp. Co.*, 26 Wash. 427, 67 Pac. 229. No such necessity was shown in the case before us.

The order appealed from is reversed, and the cause remanded with instructions to discharge the receiver.