[No. 10440.   Department One.   December 26, 1912.]

METHOW CANAL COMPANY, *Respondent*, v. J. C. BARTON, *Appellant*.[1]

APPEAL—DECISIONS REVIEWABLE—FINALITY — STRIKING DEFENSE. An order striking parts of an affirmative defense but leaving an issue to be tried, is not appealable, since the order did not determine the action or prevent a final judgment, within the meaning of Rem. & Bal. Code, §1716 authorizing appeals.

Appeal from an order of the superior court for Okanogan county, Pendergast, J., entered March 6, 1912, striking parts of defendant's cross-complaint, after a hearing before the court.   Dismissed.

*C. F. Burton* and *E. C. Jennings*, for appellant.

*Smith & Gresham*, for respondent.

CHADWICK, J.—Appellant filed a lien in the sum of $360, against certain property belonging to respondent situate in Okanogan county.   Thereafter respondent began this action, setting up its ownership of the lands charged with the lien; that the amount claimed was not due; that the claim was exorbitant and unjust, and that the lien had been filed for the purpose of embarrassing respondent in the sale of its property; and praying for an order permitting it to pay into the registry of the court an amount sufficient to protect any judgment that might thereafter be rendered, and further, that the cloud upon the real property be removed. Upon citation to show cause, the court ordered and adjudged that respondent be permitted to pay into the registry of the court the sum of $720; that upon so doing, the appellant's lien should be canceled "as to the property and things mentioned and described in said claim of lien, and that said claim of lien be transferred to said deposit, and that said deposit shall be and remain as a substitute for the property men-

[1]Reported in 128 Pac. 627.

tioned in defendant's said claim of lien." Appellant, by his counsel, took exceptions to this order. Thereafter he answered, and by way of affirmative answer and defense, set up his lien upon the property described therein, and asked for foreclosure. Upon motion by respondent, the court struck practically all of the affirmative answer, stripping the issue down to the question of debt only. To this order, exceptions were also taken, and this appeal is prosecuted from the last mentioned order.

A motion is made to dismiss the appeal. This must be sustained. The question of debt is still before the court upon the complaint and answer, and so long as it is, this court will not inquire into the right of the appellant to set up and foreclose his lien. An action cannot be split for the purpose of appeal. The question now submitted to this court may be determined if the case is ever brought here on its merits. The order sustaining the motion to strike did not determine or discontinue the action, nor does it prevent a final judgment. Rem. & Bal. Code, § 1716.

The appeal is premature and is dismissed.

MOUNT, C. J., GOSE, PARKER, and CROW, JJ., concur.