[No. 16473.  Department One.  January 20, 1922.]

JOHN LE BLANK et al., Respondents, v. RUIE E. ELLER et al., Appellants.[1]

APPEAL (47)—DECISIONS APPEALABLE—FINAL ORDERS—RULINGS ON DEMURRER. An appeal does not lie from an order overruling a demurrer, in the absence of a final judgment against the demurrant.

VENDOR AND PURCHASER (97)—PERFORMANCE OF CONTRACT—ASSUMPTION OF MORTGAGE. An agreement to assume and pay a mortgage on land cannot be enforced by the promisee, when the mortgage debt has not been paid by him or by some one on his behalf.

Appeal from a judgment of the superior court for Benton county, Truax, J., entered January 29, 1921, in favor of the plaintiffs, upon overruling a demurrer to the complaint, in an action on contract. Reversed.

*Chas. W. Johnson,* for appellants.
*Geo. A. Brodie,* for respondents.

BRIDGES, J.—The defendants jointly and severally demurred to the complaint in this action on the ground that it failed to state facts sufficient to constitute a cause of action. The demurrer, having been overruled, the defendants refused to plead further, and judgment was taken in favor of the plaintiffs and against the defendants, Eller and wife, who have appealed.

[1]Reported in 203 Pac. 960.

Although no judgment has been taken against the defendant Hutchings, he has attempted to appeal. He cannot appeal from an order overruling his demurrer, and since no final judgment runs against him, we have no jurisdiction to entertain his appeal.

The sole question, then, is whether the complaint states a cause of action, as against the defendants Eller and wife.

The facts set up in the complaint, as we understand them, are as follows: In October, 1918, the plaintiffs owned a tract of land in Benton county, Washington, consisting of sixty-seven acres. Their ownership was subject to a mortgage on all of the land to secure the sum of $4,000. During that month they sold and deeded thirty of the sixty-seven acres to the Ellers subject to the $4,000 mortgage, and a written agreement was entered into between the parties concerning that encumbrance. By that agreement it would appear that the Ellers assumed and agreed to pay the $4,000 mortgage, but that they were not to pay it at once. Each of the parties was to undertake to get a loan from the Federal Land Loan Bank, for $2,000, on the land owned by him, and thereby discharge the $4,000 mortgage, and it was agreed that if this were accomplished, the Ellers should at once give to plaintiffs a second mortgage on their thirty acres, to secure $2,000, and if they were unable to, or did not, secure these loans from the Federal Land Loan Bank, then the plaintiffs were to be permitted to secure a release of the $4,000 mortgage as to their thirty-four acres.

Although the agreement is not very specific, it would seem that the idea of the parties was that, if they could not obtain the Federal loan, then the plaintiffs might make arrangements with the holder of the $4,000 mortgage to pay it $2,000 and thereby obtain a release of that mortgage as to the thirty-four acres owned

by them. It was also agreed that, if the plaintiffs did pay that much of the $4,000 loan, and secure a release as to their portion of the lands, then the Ellers would give them a $2,000 mortgage on their thirty acres. Apparently all these somewhat complicated arrangements were with the view of making it possible for the plaintiffs to succeed in removing the lien of the $4,000 mortgage from the land retained by them. But it appears that the parties never obtained the loan from the Federal bank, nor did the plaintiffs at any time actually pay any portion of the $4,000 mortgage, nor did they ever receive any discharge thereof as to their land. However, they sold their remaining thirty-four acres to one Hutchings for $3,000, $1,000 of which was paid in cash, and it was understood that Hutchings would pay the other $2,000 to the holder of the $4,000 mortgage. The complaint alleges, however, that Hutchings had failed to pay the $2,000 either to the plaintiffs or to the owner of the mortgage. It was also alleged that, at the time of the commencement of the suit, the $4,000 mortgage was due.

The plaintiffs sought a decree of the court requiring the Ellers to pay the $4,000 mortgage within a time to be fixed by the court, and if they did not pay it within that time, the plaintiffs should have judgment against them in the sum of $2,000. The judgment which the court made was to the effect that, if the Ellers did not give plaintiffs their $2,000 mortgage, covering their thirty acres, within fifteen days, then plaintiffs should have a personal judgment against them for that sum.

We think the court was in error in overruling appellants' demurrer to the complaint. That instrument wholly failed to allege that plaintiffs, at any time before the commencement of this suit, had paid, or that any person for or on behalf of them, had paid the $4,000 mortgage, or any portion of it. It is true the

Ellers assumed and agreed to pay this mortgage, and they have failed so to do, but the plaintiffs would not be entitled to the relief sought in this action until they had paid the mortgage, or some portion thereof. In other words, since they have not paid the mortgage or any portion of it, they have not, in contemplation of law, been injured.

The judgment is reversed, and the cause remanded with directions to sustain the demurrer of the defendants, Eller and wife, and with the privilege to the plaintiffs to amend their complaint.

PARKER, C. J., FULLERTON, MITCHELL, and TOLMAN, JJ., concur.