[No. 23405.    Department One.    October 7, 1932.]

GEORGE C. WESTBY, *as Receiver, Appellant,* v. PACIFIC SILICATE COMPANY, LTD., *Respondent.*[1]

*G. E. M. Pratt* and *Padden & Moriarty,* for appellant.

*Hugo E. Oswald,* for respondent.

STEINERT, J.—The plaintiff, George C. Westby, is the receiver of defendant Northwest Chemical Company. In the course of the receivership proceedings, the Pacific Silicate Company, Ltd., filed with the court and the receiver a petition for an order requiring the receiver to surrender to it certain property, consisting of a centrifuge and drier, which, it was alleged, had been loaned by the Pacific Silicate Company, Ltd., to Northwest Chemical Company, under a written agreement.

The receiver filed an answer, consisting of a general denial, an affirmative defense, and further a cross-

[1]Reported in 14 P. (2d) 966.

petition asking for damages for breach of contract alleged to have been made by and between Northwest Chemical Company and Pacific Silicate Company, Ltd. Demurrers to the affirmative defense and to the cross-petition were sustained. The receiver having refused to plead further, the affirmative defense and cross-petition were thereupon ordered stricken. The general denial, however, stands unaffected, and no final judgment had been entered in the case.

The receiver has appealed from the orders sustaining the demurrers and striking the affirmative defense and cross-petition.

The respondent prefaces its brief with a motion to dismiss the appeal, on the ground that it is prematurely taken. The motion must be sustained.

The provisions with reference to appeal, so far as at all applicable to this case, are contained in Rem. Comp. Stat., § 1716, subdivs. 1 and 6. Subdiv. 1, with the preamble thereto, reads as follows:

"Any party aggrieved may appeal to the supreme court in the mode prescribed in this title from any and every of the following determinations, and no others, made by the superior court, or the judge thereof, in any action or proceeding.

"(1) From the final judgment entered in any action or proceeding, and an appeal from any such final judgment shall also bring up for review any order made in the same action or proceeding either before or after the judgment, in case the record sent up on the appeal, or any supplementary record sent up before the hearing thereof, shall show such order sufficiently for the purposes of a review thereof."

Subdiv. 6, so far as it applies here, reads as follows:

"(6) From any order affecting a substantial right in a civil action or proceeding, which either, (1) in effect determines the action or proceeding and prevents a final judgment therein; or (2) discontinues the action; . . ."

No final judgment has been entered herein, as required by subdiv. 1, and no order has been entered which, in effect, determines the action and prevents a final judgment, or which discontinues the action, as required by subdiv. 6. *Old National Bank v. O. K. Gold Mining Co.,* 19 Wash. 194, 52 Pac. 1065; *Methow Canal Co. v. Barton,* 71 Wash. 401, 128 Pac. 627.

The recent case of *Pelly. v. Behneman,* 168 Wash. 465, 12 P. (2d) 422, is authority for our holding, although the conclusion therein reached produced a different result, owing to the peculiar form of the order of dismissal. There, the court entered a judgment of dismissal "with prejudice," which made it necessary for the appellant to take an appeal in order to preserve and protect her right to have the merits of the ruling inquired into at the proper time. It was specifically pointed out, however, that, in the *Old National Bank* case, *supra,* the order of dismissal was not entered "with prejudice."

Nor did the order so provide in this case. The appellant's right to have the merits of the rulings, as contained in the orders appealed from, inquired into, is still open and intact, and does not depend for its protection upon an immediate appeal from those rulings. The question presented upon this appeal may be determined when the case is brought here on its merits.

The appeal is dismissed.

TOLMAN, C. J., PARKER, HERMAN, and MITCHELL, JJ., concur.