[No. 24075. Department Two. December 23, 1932.]

W. R. ROBISON, *Respondent,* v. R. LAFORGE, *Appellant.*[1]

*William H. Pemberton* and *Roy D. Robinson,* for appellant.

*Elias A. Wright* and *Sam A. Wright,* for respondent.

[1]Reported in 17 P. (2d) 843.

STEINERT, J.—This is an appeal from an order denying a motion to quash a writ of garnishment. Plaintiff brought an action to recover damages for an assault made upon him by defendant. A writ of garnishment was issued and served, to which the garnishee answered that it had funds of the defendant in its possession. The defendant moved to have the writ quashed. After a hearing upon affidavits, the court denied the motion. From an order thereon, this appeal was taken by the defendant.

The respondent opens his brief with a motion to dismiss the appeal. This motion must, in our opinion, be granted. The right of appeal, in the absence of constitutional provision, is purely statutory. The provision of our constitution, Art. IV, § 4, conferring the right of appeal, is not self-executing, but receives its vitality from legislative enactment. *Western American Co. v. St. Ann Co.,* 22 Wash. 158, 60 Pac. 158.

Prior to the enactment of the statute of 1893, which is incorporated in Rem. Comp. Stat., § 1716, relating to appeals, neither an order dissolving, nor one refusing to dissolve or discharge, an attachment was appealable. *Jensen v. Hughes,* 12 Wash. 661, 42 Pac. 127; *Spokane Dry Goods Co. v. Fritz,* 26 Wash. 433, 67 Pac. 252. The same rule would, of course, apply to similar orders relating to garnishment. By Rem. Comp. Stat., § 1716, subd. 4, the right of appeal from any order discharging, or refusing to discharge, an attachment was expressly given. The statute, however, does not mention, or refer to, garnishment.

Good reason underlies the distinction. Attachment is, as we said in *Hogue v. MacAllister,* 122 Wash. 347, 210 Pac. 671, a drastic remedy. The seizure of property thereunder may cause its entire loss, or, at least, considerable injury. Garnishment merely impounds the property in the possession of the garnishee, and

maintains its *status quo* until the determination of the main action. The statutes with reference to attachment and garnishment, though similar in some respects, are, nevertheless, separate and distinct, and the proceedings thereunder are different. The garnishment statute provides for a procedure independent of the attachment statute. When, therefore, the legislature incorporated into the appeal statute a provision relative to attachment, it is not to be inferred that they included, or intended to include, garnishment.

Nor does the order refusing to vacate the writ of garnishment fall within the provision of Rem. Comp. Stat., § 1716, subd. 6, because the order did not determine the action, thereby preventing a final judgment, nor did it discontinue the action. *Tatum v. Geist,* 40 Wash. 575, 82 Pac. 902; *Westby v. Pacific Silicate·Co.,* 169 Wash. 665, 14 P. (2d) 966. The cases cited by appellant are not apropos, because final judgments had been rendered therein, which, of course, brought up for review, on appeal, all interlocutory orders.

The appeal is dismissed.

TOLMAN, C. J., BEALS, and MAIN, JJ., concur.