[No. 26271. Department One. January 29, 1937.]

R. W. ANDERSON, *Appellant*, v. EAST GATE TEMPLE AS-
SOCIATION OF SPOKANE, WASHINGTON, *Respondent*.[1]

*George W. Young,* for appellant.

*Davis, Heil & Davis,* for respondent.

BLAKE, J.—This appeal presents a rather anomalous
situation. In 1924, defendant issued its bonds in the
amount of twenty thousand dollars. To secure them, it
executed and delivered a trust deed to the Fidelity Na-
tional Bank upon certain property in Spokane county.
August 22, 1933, plaintiff, a bondholder, brought this
action, on behalf of himself and other bondholders sim-
ilarly situated, to foreclose the trust deed. He prayed
for the appointment of a receiver pending the action.

[1]Reported in 64 P.. (2d) 510.

To that end, a show cause order was issued on the same day. Defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. February 8, 1935, an order was entered overruling the demurrer. On the same day, an order was entered appointing a receiver.

February 26, 1936, the court, on petition of defendant, entered an order discharging the receiver. On the same day, an order sustaining a demurrer to the complaint was entered. The plaintiff gave notice of appeal "from that certain order sustaining the demurrer . . . to the complaint . . . and . . . from that certain order discharging the receiver herein . . . ," entered on February 26, 1936.

The anomaly of the situation as it comes to this court is that an order sustaining or overruling a demurrer to a complaint is not appealable, while an order appointing or discharging a receiver is.

In a long line of cases, this court has held orders overruling or sustaining demurrers not appealable. *Tripp v. Magnus*, 1 Wash. 22, 23 Pac. 805; *Potvin v. McCorvey*, 1 Wash. 389, 25 Pac. 330, 12 L. R. A. 150; *Olsen v. Newton*, 3 Wash. 429, 30 Pac. 450; *Smith v. Seattle & M. R. Co.*, 6 Wash. 295, 32 Pac. 1073; *Mason County v. Dunbar*, 10 Wash. 163, 38 Pac. 1003; *Padley v. Gregg*, 26 Wash. 322, 67 Pac. 72; *Schutzler v. Times Pub. Co.*, 88 Wash. 236, 152 Pac. 1018; *Le Blank v. Eller*, 118 Wash. 353, 203 Pac. 960. Consequently, under the rule of these cases, the sufficiency of the complaint is not before us for review.

Now, the question is, what effect does that have upon the appeal from the order discharging the receiver? Appellant says not any, and cites *Peters v. Lewis*, 28 Wash. 366, 68 Pac. 869, and *Belding v. Washington Cornice Co.*, 36 Wash. 549, 79 Pac. 37. In the former case, the court entertained an appeal from an

order sustaining a demurrer to a complaint asking for injunctive relief.

We have examined the record and briefs in that case, and do not find that the question of appealability of the order sustaining the demurrer was suggested to this court or discussed in the opinion. The most that can be said is that the point was in the case, had the respondent seen fit to raise it.

"Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Webster v. Fall,* 266 U. S. 507, 511, 45 S. Ct. 148.

In the case of *Belding v. Washington Cornice Co., supra,* the court sustained an order appointing a receiver after a demurrer to the complaint had been overruled, notwithstanding the sufficiency of the complaint was challenged in this court. The situation presented in that case was the converse of the situation presented here. The appeal from the order appointing the receiver was disposed of on the theory that the complaint stated a cause of action.

Since we cannot consider the sufficiency of the complaint, we must act upon the assumption that the demurrer was properly sustained. The demurrer having been sustained, the order discharging the receiver followed as a matter of necessity. For it is elementary that the appointment of a receiver is purely an ancillary proceeding to a *pending action.* A paper on file, denominated a complaint, does not, however, necessarily constitute a *pending action.* To constitute a *pending action* warranting the appointment of a receiver, the complaint must be brought by one having capacity to sue, and must state a cause of action. *State ex rel. Merriam v. Ross,* 122 Mo. 435, 25 S. W. 947, 23 L. R. A. 534; *Vila v. Grand Island Electric Light etc.*

*Co.,* 68 Neb. 222, 94 N. W. 136, 97 N. W. 613, 110 Am. St. 400, 4 Ann. Cas. 59, 63 L. R. A. 791; *Sullivan Electric Light & Power Co. v. Blue,* 142 Ind. 407, 41 N. E. 805. In *Grays Harbor Commercial Co. v. Fifer,* 97 Wash. 380, 166 Pac. 770, this court said:

"A receivership is merely ancillary to the main cause of action, and is not an independent remedy. The appointment of a receiver can be invoked only in a pending suit brought to obtain some relief which the court has jurisdiction to grant, and cannot be employed to determine finally the rights of the parties.

. . .

"The court may appoint a temporary receiver *pendente lite,* but the complaint must state a cause of action for such appointment."

From the standpoint of analogy, there is another decision of this court which bears upon the question confronting us—*French v. Ajax Oil & Dev. Co.,* 44 Wash. 305, 87 Pac. 359. In that case, the court held that the appointment of a receiver based upon a judgment entered without jurisdiction "was also without jurisdiction, and must therefore be vacated."

Our conclusion is that, the insufficiency of the complaint having been determined by the order sustaining the demurrer, there was nothing upon which the court could base an order appointing a receiver. It necessarily follows that the order theretofore made appointing the receiver should be vacated and the receiver discharged. The order discharging the receiver is affirmed. The appeal from the order sustaining the demurrer to the complaint is dismissed.

STEINERT, C. J., MAIN, MILLARD, and GERAGHTY, JJ., concur.