[No. 27951. Department One. April 13, 1940.]

CARL ARLT, *Appellant*, v. LYDIA M. ARLT, *Respondent*.[1]

*George H. Freese*, for appellant.

*Miller & Miller*, for respondent.

MAIN, J.—This is an appeal from an order of the superior court striking certain paragraphs and sustaining a demurrer to an affirmative defense.

Prior to September 21, 1931, Lydia M. Arlt, now Lydia M. Billesbach, and appellant, Carl Arlt, were wife and husband. On that date, a final decree of divorce was entered. At that time, the interlocutory decree, which had been entered, was modified as to the custody of one of the children and made provision for the support and maintenance of the other two. The three children had previously been awarded to the

[1] Reported in 101 P. (2d) 336.

custody of the respondent. By modification, the custody of the oldest child was awarded to the appellant. In the decree, as modified, there was a provision that the appellant should pay to the respondent, for the support and maintenance of the two children of which she retained the custody, fifteen dollars on July 1, 1933, and thirty-five dollars on the first day of August of that year, and on the first day of each month thereafter until the further order of the court. We are not here concerned with the provision for the support and maintenance of the children prior to July 1, 1933. The appellant at no time has paid any part of the thirty-five dollar monthly payments for the support and maintenance of the children.

June 24, 1939, the respondent prepared and filed a petition asking that the appellant be cited to show cause why he should not be punished for contempt for failure to comply with the order of the court. To this petition, he demurred, and the demurrer was overruled. He then filed an answer which contained three affirmative defenses. The respondent demurred and moved to strike the first affirmative defense, and an order was entered September 20th sustaining the demurrer and granting the motion. On the 28th of that month, the respondent served, and caused to be filed, notice of setting the case for trial, calling the matter to the attention of the court, on Tuesday, the 3rd day of October, 1939, for assignment for trial upon the merits. October 3, 1939, the appellant gave notice of appeal to this court from the order sustaining the demurrer and motion to strike, and filed a bond for costs on appeal, which contained the further provision that the appellant would pay all

". . . damages that may be awarded against him on the appeal, or on the dismissal thereof, not exceeding the sum of Two Hundred Dollars ($200)."

Thereafter, and on February 13, 1940, the respondent filed a motion in this court for a dismissal of the appeal, supported by affidavit, one of the grounds of which was that the same had not been diligently prosecuted, and the motion also moved for damages against the appellant and his bond on the ground that the appeal was taken for delay, and that it was manifestly unauthorized by law. At the same time, the respondent filed a transcript of the proceedings in this court. Subsequently, and on February 27, 1940, the appellant filed in this court a transcript and an argument resisting the motion to dismiss. This was the appellant's first appearance in this court. He had filed no brief and no transcript within the time required by Rule XI, Rules of the Supreme Court, 193 Wash. 12-a. In his response to the motion, the appellant says that he had offered to stipulate the dismissal of the appeal, and he asked, in his response, that the appeal be dismissed. But the record shows that his offer to dismiss the appeal was not made until after the respondent had filed her motion, affidavit, and transcript in this court.

Rem. Rev. Stat., § 1716 [P. C. § 7290], provides that an aggrieved party may appeal to this court from

". . . the final judgment entered in any action or proceeding, . . ."

Subdivision (6) of this section provides that an appeal may be taken

"From any order affecting a substantial right in a civil action or proceeding, which either, (1) in effect determines the action or proceeding and prevents a final judgment therein; or (2) discontinues the action; . . ."

It has been definitely settled by this court that a ruling on a motion or demurrer is not a final judgment, and that subdivision (6) of the section mentioned does not authorize an appeal from an order

sustaining a demurrer or motion to strike. *Hutchinson Co. v. Fahey,* 99 Wash. 165, 168 Pac. 1139; *Le Blank v. Eller,* 118 Wash. 353, 203 Pac. 960; *Westby v. Pacific Silicate Co.,* 169 Wash. 665, 14 P. (2d) 966. It thus appears that the appeal here must be dismissed.

We now come to the consideration of the matter of damages which are asked for in the motion to dismiss and provided for in the bond.

Rem. Rev. Stat., § 1733 [P. C. § 7318], provides that any respondent may move in this court for the dismissal of an appeal, for the reasons therein stated, one of which is that the appeal had not been diligently prosecuted, and that there may be coupled with this motion

". . . a motion for damages on the ground that the appeal was taken merely for delay, or was manifestly unauthorized by law, or both such motions. . . ."

This appeal was manifestly unauthorized by law, as appears from what has hereinbefore been said. There is, further, no escape from the conclusion that it was taken for delay. The statute of limitations (Rem. Rev. Stat., § 459 [P. C. § 8110-17]) was running against the payments which were provided for under the modified decree, and delay would naturally be advantageous to the appellant. After the notice of appeal had been given and the bond filed, the trial judge declined to set the case for trial upon the merits, being of the opinion that he should not do so.

The respondent, in addition to the statutory costs, asked for damages here against the appellant and his bond in the sum of one hundred and forty dollars, and this sum will be allowed. This case comes squarely under the provision of the statute which authorizes damages when an appeal is dismissed which was taken for delay or was manifestly unauthorized by law.

The case of *McKee v. Rains,* 77 U. S. 22, 19 L. Ed. 860,

466

construing a rule of that court, has no application to the statute here under consideration.

The appeal is dismissed and damages awarded as above indicated.

BLAKE, C. J., MILLARD, ROBINSON, and JEFFERS, JJ., concur.