[No. 31081. Department One. October 3, 1949.]

HARRY J. BOYLE, *Respondent*, v. ALBERTINA J. BOYLE, *Appellant*.[1]

*John M. Warnock* and *Johannes A. Watness*, for appellant.

*Lloyd R. Savage* and *Donald L. Gaines*, for respondent.

BEALS, J.—July 9, 1946, Harry J. Boyle, as plaintiff, filed in the office of the clerk of the superior court for King county his complaint in this action, asking for a decree of divorce from his wife, Albertina J. Boyle. Plaintiff alleged the marriage of the parties, July 20, 1927; that they had one child, a daughter eighteen years of age; and that they owned some community property. He also alleged that the parties had not lived together for twelve years, and asked for a divorce and that the court make an equitable division of the property.

The defendant filed her answer, appearing by Sullivan and Pruzan, her attorneys, denied certain allegations of the

[1]Reported in 210 P. (2d) 140.

complaint and affirmatively pleaded abandonment by the plaintiff. By way of a cross-complaint, defendant asked for support and other financial relief. She prayed that the complaint be dismissed, and that she be awarded a decree of separate maintenance.

March 24, 1947, the action was called for trial before Judge Howard M. Findley. The defendant then moved to amend the prayer of her cross-complaint by asking for a divorce from plaintiff instead of separate maintenance. Leave to amend was granted, and the defendant forthwith filed her amended answer and cross-complaint, alleging abandonment of defendant by plaintiff twelve years previously, and asking for a divorce and for relief by way of payment of money for her support, an award of real estate to her, and attorney's fees.

The cause was immediately heard and, the same day, the court entered findings of fact and conclusions of law, followed by an order awarding the defendant an interlocutory order of divorce upon her cross-complaint, requiring the plaintiff to pay defendant one hundred dollars a month for her support and to pay certain community obligations and attorney's fees.

April 15, 1947, the defendant, appearing by Wright and Wright, her attorneys, filed her petition to vacate the interlocutory order, alleging that, on or about April 1, 1947, plaintiff's counsel had proposed that the interlocutory order be amended to include disposition of community property owned by the parties, not referred to in the order; that, as a result of this suggestion on the part of plaintiff's counsel, defendant for the first time learned of the existence of the community property referred to, and that the interlocutory order above referred to had been procured by fraud on the part of plaintiff in certain particulars set forth in detail in defendant's petition.

July 21, 1947, after a hearing, an order was signed by Judge J. T. Ronald, setting aside the findings of fact, conclusions of law, and the interlocutory order referred to above.

July 30, 1947, defendant filed her second amended answer to the plaintiff's complaint, asking that she be granted a divorce and that the court inquire into the community property owned by the parties, certain items thereof being referred to in the answer, and award to defendant a reasonable share of the property, together with alimony for her support and for the support of the daughter of the parties, and attorney's fees.

July 31, 1947, plaintiff filed an amended complaint, which contained allegations concerning the property owned by the parties, and that the defendant had been guilty of cruel conduct to the plaintiff, and asked for an equitable division of the property; that plaintiff be awarded a divorce from defendant, and that the property rights of the parties be adjudicated.

On the same day, defendant filed her answer to the amended complaint, denying certain allegations thereof, and, by way of a cross-complaint, asking for the relief demanded in her second amended answer.

March 27, 1948, the action came on regularly for trial before Judge Roger J. Meakim. Findings of fact and conclusions of law were entered by the court, followed by an interlocutory order granting a divorce to both parties, awarding the defendant custody of her daughter, and dividing certain specified real and personal properties between the parties.

September 10, 1948, defendant, appearing by Kenneth J. Selander, her attorney, filed her petition praying that the interlocutory order above referred to be vacated, and alleging that plaintiff had been guilty of fraud in concealment of community assets. On the same day, an order was entered requiring the plaintiff to appear and show cause why the defendant's petition should not be granted.

October 23, 1948, plaintiff filed his answer to defendant's petition to vacate the interlocutory order of March 27, 1948, denying the material allegations of the petition and pleading that all matters therein referred to had been decided and adjudicated upon the trial of the action.

January 12, 1949, plaintiff filed his demurrer to the defendant's petition to vacate the interlocutory order, and affirmatively pleaded *res judicata.*

Defendant's petition came on regularly to be heard before Judge Hugh C. Todd, January 12, 1949, defendant being represented by Frederick W. Post, Esquire, one of her counsel, and, on the same day, the court's written order sustaining the plaintiff's demurrer to defendant's petition to vacate the interlocutory order was filed.

January 14, 1949, defendant, by Kenneth J. Selander and Frederick W. Post, her attorneys, served and filed a notice of appeal to this court from the order last above referred to, which sustained plaintiff's demurrer to defendant's petition to vacate. A cost bond was seasonably filed in support of this notice of appeal.

February 14, 1949, Mr. Selander filed notice of withdrawal as attorney for defendant, and, March 10, 1949, Julius Shain served and filed notice of his substitution as counsel for defendant.

March 14, 1949, the defendant, appearing by Julius Shain, filed her petition to modify the interlocutory order "and deny the plaintiff a final decree of divorce," stating an historical outline of the previous proceedings, alleging fraud on the part of the plaintiff; that plaintiff owned community property other than that for which he had accounted; and

"That the defendant is of the belief that the plaintiff possesses other property of undetermined value, both real and personal, which have not been disclosed to either the Court of the Superior Court of the State of Washington for King County, or to the defendant, Albertina J. Boyle; that said plaintiff should acknowledge and state to the consideration of the Court and further distribution to the equitable advantage of both of the parties hereto."

Defendant again prayed that plaintiff be denied a decree of divorce "until the equities of the parties are finally determined," and that a further hearing be had concerning the community property.

March 14, 1949, plaintiff filed his demurrer to the defendant's petition, for want of sufficient facts, and objected to the

introduction of any evidence in support thereof, alleging that the matters therein referred to had been adjudicated.

On the same day, the action came on regularly to be heard before Judge James W. Hodson, and, after a hearing, the court entered a "final judgment and decree of divorce," granting a divorce to each party to the action.

March 16, 1949, the defendant, by Julius Shain, her counsel, served and filed a notice of appeal reading as follows:

"To: Savage & Gaines, Attorneys for plaintiff, and Harry J. Boyle:

"You and each of you are hereby notified that the defendant, Albertina J. Boyle, feeling herself aggrieved, does hereby appeal to the Supreme Court of the State of Washington from each and every part of that certain order made and entered herein by the Court on the 14th day of March, 1949, wherein and whereby the Court sustained a demurrer to a Petition to Modify Interlocutory Decree of Divorce and Deny the plaintiff a Final Decree of Divorce."

March 18, 1949, a cost bond was filed in support of the appeal.

April 1, 1949, Julius Shain filed his notice of withdrawal as attorney for defendant, and, April 14, 1949, filed his notice of reappearance as her attorney.

April 14, 1949, Judge Hodson entered in the action an order reading as follows:

"This matter having come on for hearing by the undersigned, one of the Judges of the above entitled Court, on the 14th day of March, 1949, on a Petition to Modify Interlocutory Decree of Divorce, and deny plaintiff a Final Decree of Divorce, by the defendant, and a Demurrer to the Petition by the plaintiff, and the Court having heard argument by Donald Gaines of Savage and Gaines, for the plaintiff and Julius Shain, for the defendant, granted the plaintiff the Final Decree which was entered and sustained the demurrer to the Petition.

"It is Therefore Hereby Ordered, Adjudged and Decreed, that the demurrer to the Petition be, and is hereby sustained and,

"It is Further Ordered, Adjudged and Decreed, that the Order sustaining the demurrer to the Petition be entered, Nunc Pro Tunc as of March 14, 1949."

Appellant's opening brief on appeal was filed June 18, 1949, by Mr. Shain, as her counsel, the brief containing no "statement of questions involved" on the appeal, nor any assignment of errors, as required by Rule of Supreme Court 16, 18 Wn. (2d) 17-a.

September 9, 1949, appellant filed herein her notice of substitution of John M. Warnock and Johannes A. Watness as her attorneys, together with Mr. Shain's notice of withdrawal as her counsel.

Appellant's appeal was argued before this court September 12, 1949, her present counsel being allowed additional time, up to and including September 18, 1949, within which to file a reply brief, which was promptly filed.

Appellant has filed in the office of the clerk of this court a transcript and two supplemental transcripts, containing a total of one hundred seven pages.

September 19, 1949, appellant filed in the office of the clerk of this court a statement of facts containing exhibits and the testimony of certain witnesses, taken at various hearings before the superior court. This document was never filed in the office of the clerk of the superior court for King county, nor does it contain any certificate by a judge of that court, and, consequently, may not be here considered for any purpose.

In appellant's opening brief, her then counsel refers to the hearing before Judge Hodson, March 14, 1949, and states:

"The Honorable James W. Hodson, one of the judges of the Superior Court of the State of Washington, for King County, sustained the demurrer and signed the final decree of divorce from which this appellant appeals."

Appellant's transcripts disclose no notice of appeal from any order or decree signed by Judge Hodson, save the notice of appeal above quoted, which refers only to the court's order sustaining the "demurrer to a Petition to Modify Interlocutory Decree of Divorce and Deny the plaintiff a Final Decree of Divorce." While the decree which was signed and filed March 14, 1949, divorced the parties, no

reference to respondent's demurrer appears therein. The appeal bond filed by appellant contains the following:

"THE CONDITION OF THIS OBLIGATION IS SUCH, That, WHEREAS, the above named ALBERTINA J. BOYLE has given or is about to give notice of Appeal from each and every part of that certain order made and entered herein by the Court on the 14th day of March A. D. 1949, wherein and whereby the Court sustained a demurrer to a Petition to Modify Interlocutory Decree of Divorce and Deny the Plaintiff a Final Decree of Divorce."

It is evident that appellant abandoned the appeal taken by her counsel January 14, 1949, from the order signed by Judge Todd January 12th, whereby the court sustained respondent's demurrer to appellant's petition to vacate the then existing interlocutory order, by filing a further pleading in the superior court. The order referred to in appellant's first notice of appeal was, as hereinafter stated, not an appealable order.

Appellant's present counsel, by their brief above referred to, argue that we should entertain appellant's appeal, citing *State ex rel. Walker v. Superior Court,* 148 Wash. 610, 270 Pac. 126, in which the relator sought a writ prohibiting the superior court from entering an order vacating a final decree of divorce. The application for the writ was denied, and, in the course of the opinion, we said:

"The court having acquired jurisdiction over the persons of the parties as the superior court did in this case, it seems to plainly follow that prohibition should not be used to prevent the superior court proceeding to a final determination, by the entry of a final order, disposing of such an application, though it might appear that the court in so doing would render an erroneous decision thereon."

The case cited is not here in point. The action of a superior court, in such a situation as was presented in the case cited, could always be reviewed before this court by appeal from the final decree or order entered, or, as noted in the opinion, by certiorari, if an appeal afforded an inadequate remedy.

In this opinion, we assume, without deciding, that the order signed by Judge Hodson, April 14, 1949, amplifying the record, *nunc pro tunc,* as of March 14, 1949, would be sufficient to support appellant's appeal from the ruling sustaining respondent's demurrer, if the order sustaining respondent's demurrer had been an appealable order.

Appellant's counsel cite decisions from other states, from which it appears that, in those jurisdictions, an order sustaining a demurrer is appealable, if the order definitely disposes of the pending litigation.

This court has repeatedly held that orders sustaining or overruling demurrers are not appealable. Such rulings may be reviewed upon appeal from the final order or judgment entered in the action.

In the case of *Arlt v. Arlt,* 3 Wn. (2d) 462, 101 P. (2d) 336, in which the appellant had appealed from an order sustaining a demurrer to an affirmative defense, we said:

"It has been definitely settled by this court that a ruling on a motion or demurrer is not a final judgment, and that subdivision (6) of the section mentioned [Rem. Rev. Stat., § 1716] does not authorize an appeal from an order sustaining a demurrer or motion to strike. [Citing cases.]"

The appeal was dismissed and the court entered judgment for damages against the appellant and his bond in the sum of one hundred forty dollars, the appeal being "manifestly unauthorized by law," and the court being of the opinion that it had been prosecuted for purposes of delay only.

In the later case of *McLennan v. New Light Gold Mining Co.,* 14 Wn. (2d) 236, 127 P. (2d) 415, this court dismissed an appeal from an order sustaining a demurrer to a complaint, saying:

"It has been repeatedly and consistently held that orders sustaining or overruling demurrers are not appealable. [Citing cases.]"

The second appeal prosecuted by appellant, which is before us for consideration, was taken from an order of the superior court sustaining respondent's demurrer to appel-

lant's petition to modify the then pending interlocutory order.

The order sustaining respondent's demurrer was not an appealable order, and appellant's appeal is, accordingly, dismissed.

SIMPSON, C. J., SCHWELLENBACH, GRADY, and DONWORTH, JJ., concur.