[No. 25955. Department Two. August 15, 1936.]

MARGARET PATTERSON *et al., Appellants,* v. HENRY
ZUGER *et al., Respondents,* H. B. NOLAND,
*Appellant.*[1]

*H. B. Noland,* for appellants.
*Louis A. Dyar,* for respondents.

BEALS, J.—Henry Zuger instituted a short form
chattel mortgage foreclosure in Walla Walla county,
pursuant to which the sheriff, September 20, 1935,
seized twenty hogs and issued a notice that he would
sell the same October 2, 1935. The mortgage sought
to be foreclosed was dated September 3, 1930, and was
executed by A. J. Keith, as mortgagor.

September 23d, Margaret Patterson and A. J. Keith
verified a complaint in an action against Mr. Zuger
and the sheriff, the complaint alleging that the hogs
which the sheriff had seized were not subject to any
chattel mortgage whatsoever, save one in favor of
H. B. Noland; that the right of plaintiffs to the pos-

[1]Reported in 60 P. (2d) 69.

session of the hogs was absolute; that the hogs were worth $275; and that, by reason of the wrongful taking and detention thereof by the defendants, plaintiffs had suffered damage in the sum of two hundred dollars. Plaintiffs prayed for judgment for the immediate possession of the hogs, or for the value thereof, and for damages.

This action was brought pursuant to Rem. Rev. Stat., § 707 [P. C. § 8421] *et seq.*, and was the ordinary "claim and delivery" or replevin action.

October 1st, H. B. Noland, as attorney for Mrs. Patterson and Mr. Keith, filed the complaint in the replevin action in the office of the clerk of the superior court, together with Mr. Noland's affidavit stating that Mr. Zuger had no chattel mortgage upon the hogs which had been seized, and that his clients had a valid defense to the foreclosure of the chattel mortgage. At the same time, Mr. Noland filed an application for a restraining order, requesting that the foreclosure proceeding be transferred to the superior court, and on the same day the court entered an order transferring the foreclosure to the court.

October 19th, Mr. Zuger filed his answer to the complaint in replevin, admitting the levy on the hogs and affirmatively pleading that the plaintiff A. J. Keith had, September 3, 1930, executed and delivered to Mr. Zuger a promissory note for $180 and interest, secured by the chattel mortgage, and that the hogs seized by the sheriff were subject to sale in satisfaction of the mortgage. The answer also alleged that there had been a typographical error in the mortgage and sought reformation thereof. A second affirmative defense was also pleaded, and the answer prayed for judgment against Mr. Keith for $180 and interest; that the mortgage be foreclosed; that Mr. Zuger be adjudged to have a valid chattel lien against the hogs

which the sheriff had seized; and that the hogs be sold to satisfy the judgment to be rendered.

Plaintiffs replied to the affirmative defenses, denying the allegations therein contained and praying for judgment as demanded in their complaint. Thereafter, H. B. Noland, plaintiffs' attorney, applied for leave to intervene and foreclose a chattel mortgage which he alleged plaintiffs had executed in his favor, mortgaging to him the hogs which were in the possession of the sheriff. The intervention was allowed.

The replevin action was, of course, an action at law, but it was changed to an action in equity by the affirmative defenses pleaded in his answer by the defendant Zuger, who prayed for foreclosure of his chattel mortgage.

After some preliminary skirmishes, the action was called for trial October 21, 1935, all parties appearing. As stated by Mr. Noland, the parties were before the court in a rather summary way in an endeavor to end the expense of caring for the hogs which were the subject matter of the action. In his opening statement, Mr. Noland contended that, on the pleadings that were before the court, the action had become simply one for the foreclosure of Mr. Zuger's chattel mortgage, and that the burden of proof rested on Mr. Zuger, whose attorney, in his turn, contended that the complant in replevin should first be taken up, and that the burden of proof rested upon the plaintiffs in that action, who should first put in their evidence.

After a lengthy argument and discussion between the court and counsel for the respective parties, Mr. Noland, on behalf of his clients, refused to proceed to introduce evidence under the complaint in replevin and requested a continuance, which application was denied; the court offering to grant the continuance upon conditions with which Mr. Noland refused to

comply. Counsel for Mr. Zuger finally moved for judgment dismissing the replevin action with prejudice; and, Mr. Noland again stating that he was not prepared to try the replevin action, the court granted the motion to dismiss the replevin action with prejudice, and on the same day signed a formal judgment of dismissal, with prejudice, from which judgment the plaintiffs have appealed.

In their brief, appellants make various assignments of error, including one based upon the entry of the judgment.

When appellants filed their complaint in replevin, the clerk assigned to the action a docket number, and appellants filed under the same number their application for the transfer of the foreclosure to the superior court. Respondents' answer bears the same caption and docket number. There was, in fact, but one action between the parties, which had been commenced as an action at law, and which respondents, by their answer, changed into one in equity. The issues were clearly drawn, and all parties presented themselves before the court.

The judgment entered was premature. This case is controlled by the case of *Pelly v. Behneman,* 168 Wash. 465, 12 P. (2d) 422, in which a very similar situation was presented. In an action brought to rescind a real estate contract, an answering defendant cross-complained, the cross-complaint being based upon matters alleged to have grown out of the transaction upon which the cause of action set forth in the complaint arose. The trial court entered an order sustaining a demurrer to the cross-complaint. Later, and before the trial of the action, the court entered a formal judgment dismissing the cross-complaint with prejudice, from which judgment the cross-complainant appealed. This court held that the judgment was pre-

maturely entered, and that, as the judgment provided for a dismissal with prejudice, the appellant was compelled to appeal in order to protect her right to have the merits of the ruling inquired into at the proper time. This court pointed out that the correct procedure would have been to enter no order other than one sustaining the demurrer. The case should then have been tried, and, upon the entry of judgment determining all issues raised, whether of law or fact, any aggrieved party could appeal. In deciding the case, this court considered the statute and prior decisions of this court, which clearly supported the conclusion reached. It was pointed out that the action of the trial court in sustaining the demurrer to the cross-complaint would be reviewable upon appeal from the final judgment in the action.

So here, there was only one action before the court for trial, and formal judgment determining merely one phase of the case should not have been entered. Appellants may be satisfied with the judgment which the superior court may finally enter; or, if they feel aggrieved thereby, they may then appeal and review all adverse rulings made by the trial court in the course of the action, including any ruling such as that upon which the judgment now before us for review was based. The trial court may control the framing of the issues to be tried in the exercise of its sound discretion.

Upon the authority of the case of *Pelly v. Behneman, supra,* we hold that the judgment herein appealed from was prematurely entered, and the same is accordingly reversed.

BLAKE, MAIN, and GERAGHTY, JJ., concur.

MILLARD, C. J., dissents.