[No. 30798. *En Banc.* June 9, 1949.]

MAY E. GRAY, *Appellant,* v. S. J. GREGORY *et al., Respondents.*[1]

*Futter, Merrick & Merrick,* for appellant.

*Horrigan & Leavy* and *T. D. Peterson,* for respondents.

[1]Reported in 207 P. (2d) 194.

SCHWELLENBACH, J.—This is an action by a lessor to regain possession of leased premises, because of alleged violations of the terms of the lease. Attached to plaintiff's complaint were copies of two forfeiture notices sent to defendants. A copy of the lease was furnished as a bill of particulars. Motions to strike and to make more definite and certain, as well as a demurrer, were filed against the complaint. The motions and demurrer were argued to the trial court; briefs were filed; the matter was taken under advisement; and a memorandum opinion entered. On July 9, 1948, the following order was made:

"THIS MATTER coming on to be heard on the Demurrer of the defendants to the complaint of the plaintiff as amended by plaintiff's Bill of Particulars, and as further amended in open court, and on defendants' Motion to Strike, the plaintiff being represented by her attorneys, Futter, Merrick & Merrick, and the defendants being represented by their attorneys, Horrigan & Leavy, and the Court having heard oral argument and written briefs having been submitted to the Court, and the Court being fully advised,

"Now, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that defendants' Demurrer be, and the same hereby is, sustained, and

"IT IS FURTHER ORDERED that the above entitled proceeding be and the same hereby is dismissed without prejudice, and defendants are hereby awarded their costs and disbursements herein.

"DATED this 9th day of July, 1948.

"Jay A. Whitfield
JUDGE"

This appeal is from the above order. We believe that the entry of the order of dismissal was premature. Rule 3(2), General Rules of Superior Courts, 18 Wn. (2d) 52-a provides:

"(2) When a demurrer or motion has been determined, the party to whom the decision is adverse shall have three days in which to plead, unless a different time is fixed by special rule or order."

If the plaintiff had, in open court, refused to plead further, and the order had so recited, then a judgment of dismissal could have been immediately entered.

In *Patterson v. Zuger*, 187 Wash. 285, 60 P. (2d) 69, the trial court granted a motion of the defendant to dismiss a replevin action with prejudice, and on the same day signed a formal judgment of dismissal, with prejudice, from which judgment the plaintiffs appealed. We there said:

"The judgment entered was premature. This case is controlled by the case of *Pelly v. Behneman*, 168 Wash. 465, 12 P. (2d) 422, in which a very similar situation was presented. In an action brought to rescind a real estate contract, an answering defendant cross-complained, the cross-complaint being based upon matters alleged to have grown out of the transaction upon which the cause of action set forth in the complaint arose. The trial court entered an order sustaining a demurrer to the cross-complaint. Later, and before the trial of the action, the court entered a formal judgment dismissing the cross-complaint with prejudice, from which judgment the cross-complainant appealed. This court held that the judgment was prematurely entered, and that, as the judgment provided for a dismissal with prejudice, the appellant was compelled to appeal in order to protect her right to have the merits of the ruling inquired into at the proper time. This court pointed out that the correct procedure would have been to enter no order other than one sustaining the demurrer. The case should then have been tried, and, upon the entry of judgment determining all issues raised, whether of law or fact, any aggrieved party could appeal. In deciding the case, this court considered the statute and prior decisions of this court, which clearly supported the conclusion reached. It was pointed out that the action of the trial court in sustaining the demurrer to the cross-complaint would be reviewable upon appeal from the final judgment in the action."

We thereupon reversed the judgment appealed from because it was prematurely entered. The reasoning of the above cases applies all the more strongly to the case at bar because the order herein was a dismissal without prejudice.

We do not like to delay the speedy determination of issues appearing before the courts, but in the interest of orderly procedure we feel compelled to reverse the judgment and remand the cause to the trial court with directions to strike from the judgment that portion which recites:

"IT IS FURTHER ORDERED that the above entitled proceeding be and the same hereby is dismissed without prejudice, and defendants are hereby awarded their costs and disbursements herein."

ALL CONCUR.